STATE OF MISSOURI, Appellant, *v.* ALEXANDER McCOLLUM, Respondent.

1. *Criminal law — Perjury — Indictment for falsely taking oath of loyalty.* — An indictment for falsely taking the oath prescribed by section 6, art. XIII, of the State constitution, charging defendant with having "enrolled and caused himself to be enrolled" as disloyal, is not contradictory. Instead of following the language of section 3, art. II, and using the disjunctive "or," the indictment, in such cases, should properly employ the word "and," unless it unites things that are repugnant. And it was unnecessary to set forth the purpose or intent of the enrollment. The phrase in section 3, art. II, "or for any other purpose," superadded to the other objects of enrollment, makes the section mean the same thing as though no object or purpose was mentioned. Defendant may show a good reason for his enrollment. But the special emergency relied upon to justify in the particular instance is a matter of defense.

## *Appeal from Fifth District Court.*

*H. B. Johnson*, Attorney-General, with whom were *Collins*, and *Asper & Pollard*, for appellant.

I. The indictment is good. (State v. Neal, 119; Campbell v. People, 8 Wend. 636; Const. of Mo., art. 13, § 6; Gen. Stat. 1865, ch. 203, §§ 1–2; 3 Am. Crim. L., 6th ed., §§ 2259, 2260; Whart. Prec. of Indictments, 590.)

II. There is nothing in the objection that the indictment charges that the defendant enrolled and caused himself to be enrolled as a southern sympathizer. When a statute forbids several things in the alternative, it is competent to charge him with all, and sufficient to prove him guilty of either. (1 Bish. Crim. L. 273, 863; Commonwealth v. Tuck, 20 Pick. 356; Stevens v. Commonwealth, 6 Met. 241; State v. Slocum, 8 Black, 313; State v. Woodward, 23 Verm. 616; 1 Bish. Crim. Proc. 191–3, 334; Wingard v. State, 13 Ga. 396–8; Rex v. North, 6 Dowl. & R. 143.)

III. It was not necessary to allege or prove the purpose with which defendant enrolled or caused himself to be enrolled as stated. The law would presume it was for some purpose; and if for any purpose, it is sufficient.

BLISS, Judge, delivered the opinion of the court.

Defendant was indicted in Harrison county for falsely taking the voter's oath at the election to take the sense of the people upon the adoption of the present State constitution. He demurred to the indictment; the demurrer was sustained, and the action of the court was affirmed in the District Court, and the State comes here upon appeal.

The indictment charges that the defendant, before taking the oath, had " personally appeared before Stephen C. Allen, military enrolling officer, and enrolled and caused himself to be enrolled, by and before said enrolling officer, as disloyal and a southern sympathizer, in pursuance of and under order No. 24 of 1862," giving the time and place of such appearance. The oath was the one prescribed in section 6, article 13, of the constitution, which is substantially recited in the indictment; and by that oath the defendant is charged with swearing that he was well acquainted with the terms of the third section of article 2, and had never directly or indirectly done any of the acts therein specified. The specific act the defendant is charged with doing is described in said section as follows : " or has ever, with a view to avoid enrollment in the militia of this State, or to escape the performance of duty therein, or for any other purpose, enrolled himself, or authorized himself to be enrolled, by or before any officer, as disloyal or as a southern sympathizer," etc.

Seven objections are raised by the demurrer. One—that the provision under which defendant is indicted is contrary to the constitution of the United States—has already been tried, decided by this court, and will not now be considered. The sixth objection is founded on the charge that " he enrolled and caused himself to be enrolled," etc., and it is claimed to be contradictory. It so seems at first blush; still, if one enrolls himself, he certainly causes himself to be enrolled. If the language of the article had been followed, the indictment would have been bad for uncertainty, the disjunction " or " making it doubtful which he did. "And " is the proper word in such cases, unless it unites two things that are repugnant. (Whart. Crim. L. §§ 294–5.)

State of Missouri v. McCollum.

Objection is also made to the indictment because it fails to show the purpose or intent of the enrollment. It is a universal rule that when the criminality of an act depends upon its intent or object, that intent, etc., must be specified, or no crime is charged; as, for instance, an assault with intent, etc., breaking into a house in the night-time, with intent, etc: The intent is the gist, the essence of the crime, and no crime is laid without it. But if the purpose forms no part of the offense—if the act itself is expressly condemned, whatever the purpose—I can not see that the intent forms any part of the description of the act. As, suppose it was made a misdemeanor for a person not a member of the family, with force and arms, to batter and break down the doors of a dwelling-house in the night-time, for any purpose whatever. It would, in such a case, hardly be held to be necessary to aver a purpose in the indictment, although in defense the accused may show a good reason for his act. The rule should be that if the act itself is condemned without regard to its object, the special emergency relied upon to justify in the particular instance is matter of defense. The law fixes a disability as consequent upon voluntary enrollment as disloyal, for certain objects, " or for any other purpose," which means precisely the same as though no object or purpose was mentioned. If the objects specified were alone given, the pleader should state which one prompted the act, but he can not be supposed to know all possible objects. If any existed that would justify the enrollment, the defendant knew it; and, upon the hypothesis that an innocent enrollment will justify a denial upon oath of any enrollment, he may give it in defense.

Defendant objects to the assignment of perjury, because it is not shown that he enrolled himself as disloyal " by or before any officer known to the law or military orders." The existence and official acts of our State officers during the late war are matter of recent history, and will be noticed by the courts when properly brought before them. The enrollment spoken of in the indictment and in the constitution, and the officers before whom it was made, as well as the order upon which it was based, are all public matters, well known to all; and it is sufficient to mention them,

without encumbering pleadings with their minute history and description.

A few other objections to the indictment were made, but they are without foundation. It seems to us that this indictment is a good one, especially under the liberal provisions of our statute.

The judgment of the District and Circuit Courts will be reversed and the cause remanded. The other judges concur.