State of Missouri, Respondent, v. W. Hackfath, Appellant.

St. Louis Court of Appeals, February 9, 1886.

Criminal Law — Misdemeanor — Cruelty To Animals.— Under the statute which makes it a misdemeanor to cruelly beat or cruelly kill a domestic animal, evidence that the defendant voluntarily struck such an animal in a cruel manner and killed it, is sufficient to support a conviction, although he did not intend to kill the animal.

Appeal from the Greene County Circuit Court, W. F. Geiger, Judge.

*Affirmed.*

Rombauer, J., delivered the opinion of the court.

The defendant was indicted, arraigned, tried, and found guilty of the mistreatment of a domestic animal, under the provisions of section 1609, Revised Statutes, and sentenced to pay a fine of five dollars.

The law provides that, "if any person shall * * * cruelly beat, mutilate, cruelly kill, or overdrive, any domestic animal * * * he shall be deemed guilty of a misdemeanor."

The indictment charged that the defendant "unlawfully, with a club, four feet in length and two inches thick, maliciously and cruelly beat a certain horse, the property of him, the said William Hackfath, from the effects of which the said horse did then and there die."

There was no conflict in the evidence. The witnesses on the part of the state, as well as those on the part of the defendant, testified in substance to the following facts: That the defendant was engaged in hauling lumber with a team of two horses, when one of his horses became balky. That he tried, ineffectually, to make it go, by urging it, and pulling it, until, finally, he picked

up a stick, of the dimensions stated in the indictment, and struck the horse on the head. That the horse fell down as soon as struck, and instantly died.

The defendant files no brief in this court, nor does he assign any errors. We gather from the record and bill of exceptions, however, that he objects to the action of the trial court in not quashing the indictment upon his motion, in giving an illegal instruction on behalf of the state, and in refusing to give proper instructions on his own behalf.

The indictment follows the words of the statute, and is sufficient. *The State v. Stubblefield*, 32 Mo. 563, 566. As the intent with which the act was done forms no part of the offence, it was unnecessary to aver it in the indictment. *The State v. McCollum*, 44 Mo. 343, 345.

The instruction given on behalf of the state is unobjectionable. It tells the jury that if they find that the defendant maliciously and cruelly beat the horse by striking him with a club, they should find the defendant guilty.

The motives of the defendant were not in issue, as far as they bear upon the consequences of his voluntary act. The second and third instructions asked by the defendant, which instructed the jury to acquit, unless they found the defendant guilty of an intent to torture or kill the horse, were, therefore, properly refused by the court. Nor, can the defendant justly complain of the court's refusal to give his first instruction, asking the jury to give him the benefit of any reasonable doubt? The evidence furnished no ground for such an instruction to rest upon. Eliminating the question of intent from the case, there is no conflict, whatever, in the testimony. There is no pretense that the striking of the horse was accidental and not intentional.

Seeing no error in the record, we affirm the judgment. All the judges concur.