STATE OF MISSOURI, Respondent, v. PETER ROCHE,
*et al.*, Appellants.

**St. Louis Court of Appeals, November 5, 1889.**

Cruelty to Animals. Evidence that a horse was overdriven does
not warrant a conviction under Revised Statutes, 1879, section
1609, in the absence of proof, that the overdriving was wilful
and not accidental.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. E. A. NOONAN, Judge.

REVERSED.

*Henry D. Laughlin*, for the appellants.

It was error for the court to allow the veterinary
surgeon to testify that in his opinion the cause of death
was produced by overexertion. Even if overexertion
was the cause of the congestion that caused the death,
still the state had not made a case by showing simply
that fact. Overexertion is not necessarily cruelty, and yet
overexertion was the most that the expert would assert.
What might have amounted to the most reasonable
usage with one horse may, of course, have been over-
exertion to this one.

*P. W. Fauntleroy*, for the respondent.

It was not error to permit the veterinary to state
that the pulmonary congestion, resulting in the horse's
death, was caused by overdriving. The veterinary was
not stating the "cause of the cause of death," but "the
cause of the state or condition of the horse which resulted
in its death." The next and last point is that "even if
overexertion was the cause of the congestion that caused
the death, still the state has not made a case by show-
ing simply that fact." Says counsel, and this is the

pith of his contention on this score, "overexertion is not necessarily cruelty." That is true, but when the overexertion consists in driving a sound and well horse until it dies from overexertion, that is necessarily cruelly overdriving.

ROMBAUER, P. J., delivered the opinion of the court.

The defendants were convicted and sentenced upon an information under section 1609, Revised Statutes of 1879, charging them with unlawfully, wilfully and cruelly overdriving a horse, and thereupon prosecute this appeal. They assign for errors that the court admitted illegal evidence, and that all the evidence adduced did not warrant their conviction.

The testimony on behalf of the state, conceding that all of it was properly admitted, tended to show the following facts: The horse was hired by the defendants for an afternoon drive; they taking charge of it about three o'clock in the afternoon and advising the livery keeper about eight o'clock in the evening, by telephone, that the horse was sick. The livery keeper thereupon called at the place where the horse was, and found it suffering from pulmonary congestion, which is usually caused by overexertion. He testified that in his opinion the horse had been overdriven. The horse died shortly afterwards. On this evidence the defendants moved for a discharge. This motion being overruled, they adduced evidence tending to show that the horse was driven by them for a reasonable distance, at a moderate gait, and that it was sick when they hired it.

Statutes against cruelty to animals have rarely received judicial construction by courts of last resort, and we have been referred to no case by counsel for either party. In *Commonwealth v. Wood*, 111 Mass. 410, the jury were instructed that if the defendant in the proper exercise of his own judgment thought he

was not overdriving the horse, he must be acquitted, and that he could not be convicted unless he knowingly and intentionally overdrove. The supreme court in commenting on this instruction says a proper exercise of his own judgment means the honest exercise of his judgment as distinguished from mere recklessness of consequences or wilful cruelty. In *State v. Hackfath*, 20 Mo. App. 614, where we had this section of our statute under consideration, we decided that the intent with which cruelty is inflicted on an animal is immaterial, provided the act itself was wilful and not accidental.

In the case at bar there was no direct evidence of any overdriving, but the act was to be inferred from the result, the result being one which is usual in cases of overexertion or overdriving. Giving the testimony adduced by the state its widest scope, and all that it tended to establish was that the horse had been overdriven. But overdriving, alone, is not a statutory crime, it must be wilful as distinguished from accidental. When the proof consists of circumstantial evidence, it ought to be consistent not only with the prisoner's guilt, but inconsistent with every other rational conclusion. 1 Greenl. Ev., sec. 34; Thompson on Trials, sec. 2505. In the case at bar the evidence adduced by the state is not inconsistent with an accidental overdriving If all the evidence is true, it in no way negatives the conclusion that the horse may have overexerted itself, although the defendants were ever so careful. The defendants' negligence or recklessness in overdriving the horse, which is the very gist of this action, is not only not proved by the state, but no facts are proved from which such inference necessarily arises to the exclusion of any other rational theory.

It results from the above that the court erred in not discharging the defendants on the ground that the state had failed to make a case against them. The judgment should be reversed and defendants discharged. All the judges concurring it is so ordered.