STATE OF MISSOURI. Appellant, v. A. M. J. HYNES, Respondent.

### St. Louis Court of Appeals, March 4, 1890.

1. **Criminal Law:** INFORMATION. In general it is sufficient in an information to charge the offense in substantially the words of the statute. If, however, the offense is specified, prefatory or introductory words, characterizing the defendant's action as having been unlawful, wilful, malicious and contemptuous, are to be considered in the determination of the sufficiency of the charge.

2. ———: ———: RIGHT OF ASSISTANT PROSECUTING ATTORNEY TO ACT. Under the act of March 27, 1885, an assistant prosecuting attorney has authority to file an information in the same manner, and to the same extent, as the prosecuting attorney. And it is not permissible, for the purpose of overthrowing an information filed by him, to show that the prosecuting attorney was not prevented from acting by reason of his absence or sickness, or of his being otherwise engaged in the discharge of his duties.

3. ———: ———. An information verified by an assistant prosecuting attorney according to his best knowlege and belief, though not sufficient in itself, is sufficient when accompanied by the affidavit of a third person setting forth, without qualification, the offense in sufficient terms to comply with the provisions of the statute. (R. S. 1879, sec. 1763.)

*Appeal from the Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*Jos. N. Davies*, Prosecuting Attorney, and *Henry Brumback*, for the appellant.

*W. Cloud*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a criminal information for disturbing an assembly, met for a lawful purpose, under section 1528 of the Revised Statutes of 1879. The statute is as follows: "Every person who shall wilfully, maliciously or contemptuously disquiet, or disturb, any camp meeting, congregation or other assembly met for religious worship,

or when meeting at the place of worship, or dispersing therefrom, or any school or other meeting or assembly of people met together for any lawful purpose whatever, by making a noise, or by rude or indecent behavior, or profane discourse within the place of assembly, or so near the same as to interrupt or disturb the order or solemnity thereof, or who shall wilfully menace, threaten or assault any person there being, shall be deemed guilty of a misdemeanor."

The information charges that the defendant, on a day named, etc., "did then and there unlawfully, wilfully, maliciously and contemptuously disquiet and disturb an assembly of people met for a lawful purpose, to-wit, met to bury one Patrick Henry Linnan, deceased, at Calvary cemetery, in said county, by making a noise and by rude behavior, to-wit, by forbidding to let the gate to said cemetery be opened to pass the said corpse through, and said assembly of people into said cemetery for said burial, and forcibly holding said gate shut at said time, then and there, with his hands, and refusing the said assembly and corpse to pass through to said cemetery, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

The circuit court quashed the information on the ground, as stated in the bill of exceptions, "that it did not charge an offense, nor set forth the charge with certainty."

I.    The grounds, on which the motion to quash the information were predicated, were : (1) That it charges no offense against the laws of this state. (2) That it is so indefinite and uncertain, as not to advise the defendant of the nature of the charge which he is required to answer. (3) That it is bad for duplicity.

We shall consider these three assignments, which relate to the sufficiency of the indictment, before considering any other. We are of opinion that the indictment is not bad for either of these three reasons. It

charges an offense under section 1528 of the Revised
Statutes of 1879 in substantially the words of the
statute, and this in general is sufficient. *State v. Fare,
ante*, p. 110. It further proceeds to specify the offense,
by stating that it consisted in forbidding to allow the
gate of a cemetery to be opened, and by forcibly holding
it shut, thereby refusing to allow a funeral procession to
pass through. If this were under all circumstances
innocent, this allegation might be regarded as creating
a repugnancy, and as rendering the indictment bad.
But it must be taken that the introductory words of
the indictment, which charge that the defendant did
unlawfully, wilfully, maliciously and contemptuously
disturb and disquiet the assembly by doing the act in
question, are intended to characterize the act as unlaw-
ful, wilful, malicious and contemptuous, and to negative
the conclusion that it could have been done under
circumstances which render it innocent. It has been
held that whilst it is a rule that, where an evil intent
accompanying an act is necessary to constitute a given
crime, the intent must be alleged in the indictment and
proved,—yet it is sufficient to allege it in the prefatory
part of the indictment. *Rex v. Phillips*, 6 East. 464.
We apprehend that we should construe this indictment
in accordance with this principle, and so as to draw
from it the meaning that the funeral procession was
unlawfully, wilfully, maliciously and contemptuously
obstructed by the defendant. We, therefore, hold that
the indictment sufficiently charges the offense denounced
by the statute.

II. The other grounds of the motion to quash the
indictment were as follows: "4. That the informa-
tion was not made by any officer authorized by law to
prefer an information. 5. That it was not made under
the oath of office of the *prosecuting attorney*. 6. That
the prosecuting attorney, not having knowledge of the
commission of the offense attempted to be charged, was

not informed thereof by complaint thereof by the oath of a person having knowledge, setting forth the offense, filed with the justice of the peace, or deposited with the prosecuting attorney. 7. That the prosecuting attorney was not, at the time of filing the paper purporting to be an information, sick or absent from the county, nor was he engaged in the discharge of the duties of his office, so that he could not attend to this duty."

In support of these allegations, the following evidence was given by the defendant: Evidence tending to show that the *assistant prosecuting attorney*, by whom the information was filed, knew nothing of the facts of his own personal knowledge, except that he saw the chain of the cemetery gate after it was broken, and that he based the information on an affidavit filed by one Larkin; also the evidence of the prosecuting attorney that he could not remember whether he was in the county at the time when the information was filed, but that, to the best of his memory, he was not.

The information was filed before a justice of the peace, and recites that it is filed by A. Starkey, assistant prosecuting attorney, charging the defendant, etc. The office of assistant prosecuting attorney was created by the act of March 27, 1885. Laws of 1885, p. 36. By the second section of that act it is provided, among other things, that the assistant prosecuting attorney "shall take and subscribe to the oath of office required of prosecuting attorneys," etc. By the third section it is provided: "The assistant prosecuting attorney shall discharge the duties of the prosecuting attorney, when the prosecuting attorney is sick or absent from the county, or when the prosecuting attorney is engaged in the discharge of the duties of his office, so that he cannot attend. The assistant prosecuting attorney shall be paid only by the prosecuting attorney, and may assist the prosecuting attorney at his request in any

case : provided, that he shall not be disqualified from defending in any case, civil or criminal, except those in which he shall have acted as assistant prosecuting attorney." The fourth section is as follows : "The law and the constitution of this state requiring all informations for misdemeanors to be made and filed by the prosecuting attorney, before a trial can be had, and there being no law to provide for the appointment of any person to file said information in case of the sickness or absence of the prosecuting attorney from the county, therefore, an emergency, within the meaning of the constitution, exists; therefore, this act shall take effect and be in force from and after its passage."

It thus conclusively appears from the statute that it was the purpose of the legislature, in creating the office of assistant prosecuting attorney, to provide an official who should have full power to act in the case of the absence or sickness of the prosecuting attorney, or in the case of his being otherwise engaged in the discharge of the duties of his office, in the same manner and to the same extent that the prosecuting attorney could act. As the prosecuting attorney can file informations, verified by his oath, under the statute, the assistant prosecuting attorney can do so. Here the information is preferred and signed by the assistant prosecuting attorney, and verified by his affidavit, according to his best knowledge and belief. His affidavit on knowledge and belief alone would not be sufficient, under the ruling in *State v. Wilkson*, 36 Mo. App. 373, 377; but it is made sufficient by the fact that it is also accompanied by the affidavit of a third person, setting forth without qualification the offense in sufficient terms to comply with the provision of section 1763 of the Revised Statutes of 1879.

Whether the assistant prosecuting attorney is sick or is absent from the county, or otherwise engaged in the discharge of the duties of his office, so that he cannot attend before the justice of the peace or other

Kinion v. The Kansas City, Ft. S. & M. Ry. Co.

tribunal where the information is filed, must be regarded as a matter relating to the details of the business of the office of the prosecuting attorney, which the statute intended to be left to his exclusive regulation. Such a matter cannot be investigated collaterally, with the view of determining whether the assistant prosecuting attorney had authority to file an information for a misdemeanor. So to hold would lead to inconvenient delay and expense in the investigation of collateral matters, and would open up a field of inquiry which would have no other effect than to obstruct the administration of criminal justice. It might lead to such inquiries as, what degree of sickness would warrant the prosecuting attorney in turning over the whole or a portion of the duties of his office to his assistant, or to what extent he should be engaged in other official duties so as to give jurisdiction to his assistant to act. We overrule this ground of objection to the information.

It follows that the judgment of the circuit court must be reversed and the cause remanded. It is so ordered. All the judges concur.