State v. Daly.

THE STATE OF MISSOURI, Respondent, v. LAWRENCE DALY, Appellant.

St. Louis Court of Appeals, April 5, 1892.

1.  Statutes: REPEAL BYIMPLICATION. Repeals by implication are not favored. A statute, which does not repeal a prior statute in express terms, is not to be construed as having that effect, unless its provisions are plainly incompatible with those of such prior statute. Especially is this true when the prior statute is special, and the other.is general.

2.  Functions of Assistant Prosecuting Attorney of the St. Louis Court of Criminal Correction: EFFECT OF REVISED STATUTES. Held, under this rule that the office and functions of the assistant prosecuting attorney of the St. Louis court of criminal correction have not been abolished by the act of April 12, 1877 (Laws, 1877, p. 354), or the incorporation of the provisions of that act into the Revised Statutes.

3.  ———: PREPARATION OF INFORMATIONS: LODGING OF AFFIDAVIT THEREFOR. Held, further, accordingly, that as the duty of preparing informations for criminal proceedings in said St. Louis court of criminal correction is specially committed to said assistant prosecuting attorney by the special statute relating to that court, an affidavit intended to furnish the basis of such an information is properly lodged with that officer.

*Appeal from St. Louis Court of Criminal Correction.*
HON. J. R. CLAIBORNE, Judge.

AFFIRMED.

*C. M. Napton,* for appellant.

The information is insufficient, as it was not lodged by the proper officer. In *State v. Bennett,* 102 Mo. 369, 370, it was held that the special law relating to the St. Louis court of criminal correction concerning informations had been repealed by the act of April 12, 1877. Acts, 1877, p. 354.

*Bernard Dierkes*, Prosecuting Attorney St. Louis Court of Criminal Correction, for respondent.

THOMPSON, J.—The defendant was tried and convicted in the St. Louis court of criminal correction under an information charging him with an attempt to commit petit larceny, as defined in section 3949 of the Revised Statutes. Appealing to this court, he assigns for error that the information was insufficient in that the affidavit was not lodged with the proper officer,—it having been lodged with the assistant prosecuting attorney, and not with the prosecuting attorney. The argument, based on the decision of the supreme court in *State v. Bennett*, 102 Mo. 369, 370, is that the special law relating to the St. Louis court of criminal correction concerning informations has been repealed by the act of April 12, 1877. Laws, 1877, p. 354. The supreme court in that case held that the act of 1877 "was intended to apply, as its first section recites, to all courts having jurisdiction of misdemeanors, and to establish general rules of practice on the subject to which it relates." And the court added: "We deem it applicable even in a forum previously governed by special provisions of law as was the court of criminal correction in St. Louis." The court accordingly held that an information must be *verified* according to the requirements of the general law, and that a verification according to the requirements of the special statute relating to the St. Louis court of criminal correction was not sufficient.

The second section of the act of 1877 requires the person making the affidavit to "file the same with the clerk of the court having jurisdiction of the offense, or deposit it with the *prosecuting attorney*." The same provision is found in section 4058 of the Revised Statutes. By the general statutes, "each prosecuting

attorney in this state may appoint one assistant prosecuting attorney, who shall possess all the qualifications of a prosecuting attorney, and be subject to all the liabilities and penalties for failure or neglect to discharge his duty to which prosecuting attorneys are now or may hereafter be made liable." R. S., sec. 662. By another provision of the general statutes "the appointment of said assistant prosecuting attorney shall be made in writing and signed by the prosecuting attorney, and they shall take and subscribe to the oath of office required of prosecuting attorneys, which appointment and oath of office shall be filed in the office of the clerk of the circuit court of the county." Sec. 663. And it is further provided: "The assistant prosecuting attorney shall discharge the duties of the prosecuting attorney when the prosecuting attorney is sick or absent from the county, or when the prosecuting attorney is engaged in the discharge of the duties of his office, so that he cannot attend. The assistant prosecuting attorney shall be paid only by the prosecuting attorney, and he may assist the prosecuting attorney at his request in any case: *provided*, that he shall not be disqualified from defending in any case, civil or criminal, except those in which he shall have acted as assistant prosecuting attorney." Sec. 664. The assistant prosecuting attorney thus provided for is merely a sort of deputy of the prosecuting attorney, appointed to act in the cases therein provided, with the liberty to practice even in criminal cases, except in cities having one hundred thousand inhabitants or more, where he is required to devote his entire time to the duties of his office. Sec. 665.

But the assistant prosecuting attorney of the St. Louis court of criminal correction is a different officer from the assistant prosecuting attorneys thus provided for. He is elected by the people, and holds his office

for a prescribed term. R. S. 1889, sec. 3, p. 2152. He receives a salary of $2,500 per annum, payable monthly by the city of St. Louis. Sec. 8, p. 2153. And it is made his duty to attend at his office, on each secular day of the week, *for the purpose of preparing all complaints, affidavits, informations and pleas*, required by law, to be lodged in said court. Sec. 18, p. 2155. Moreover, an information in the St. Louis court of criminal correction in cases of misdemeanor "may be lodged by the prosecuting attorney for *said court, or by said assistant prosecuting attorney*, or by any other person." Sec. 19.

Repeals by implication are not favored. Statutes, which do not repeal prior statutes in express terms, are not to be construed as having that effect, unless their provisions are plainly incompatible with those of such prior statutes. Especially is this true, where the subsequent statute is a general one, and the prior statute is a special one,—the applicatory legal maxim being *Generalia specialibus non derogant*. On the contrary, if they relate to the same subject, and their provisions are not incompatible with each other, they are to be construed *in pari materia* so far as practicable, with the view of making them harmonious, and parts of a general statutory system. These are truisms in statutory construction.

Applying these principles, and at the same time giving full effect to what the supreme court held in *State v. Bennett, supra*, we must hold that the act of 1877 was not intended to abolish the office or functions of the assistant prosecuting attorney of the St. Louis court of criminal correction; but that, in so far as the general statutes above quoted speak of the prosecuting attorney, the assistant prosecuting attorney of the St. Louis court of criminal correction is included; and that, as the duty of preparing informations is specially

committed to him by the special statute relating to that court, above quoted, an affidavit intended to furnish the basis for such an information is properly lodged with him, and need not be lodged with the prosecuting attorney. The information was verified in this case by the informer, "according to his best knowledge and belief," and that kind of a verification was held good in *State v. Bennett, supra.* In fact *State v. Bennett* is an authority for holding the information in this case good, because the information in that case was drawn, sworn to and lodged with the assistant prosecuting attorney of the St. Louis court of criminal correction, exactly as in this case, and the judgment of conviction was reversed *only.* for the failure to give a certain instruction, and the cause was *remanded for a new trial,* which would not have been done if the information had been fatally defective.

Finding no error in this record, it is ordered that the judgment be affirmed. All the judges concur.