THE STATE OF MISSOURI, Appellant, v. WILLIAM HALEY, Respondent.

St. Louis Court of Appeals, January 17, 1893.

1. **Criminal Law**: INFORMATION.  When an offense is specifically described or defined by the statute, it is sufficient for an information to charge it in words of the statute; and an information is sufficiently definite, when it apprises the defendant of the charge which he is called upon to meet.   An information charging cruelty to animals is *held* sufficient herein under these rules.

2. ———: ———.   As an assistant prosecuting attorney acts upon his official oath, it is unnecessary for him to verify an information filed by him.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED AND REMANDED.

*J. H. Whitecotton,* Prosecuting Attorney, for appellant.

The motion should not have been sustained because the information charges the offense in the language of the statute. Revised Statutes, 1889, sec. 3896; *State v. Bun,* 81 Mo. 108. The law does not require an information to be verified as has been settled since this cause was passed upon. *State v. Ransberger,* 106 Mo. 135.

No brief filed for respondent.

ROMBAUER, P. J.—The state appeals from the judgment of the circuit court quashing an information in the following words:

"STATE OF MISSOURI, } ss.
"County of Monroe.

"The State of Missouri *v.* William Haley.

"Before R. E. L. Sevier, a justice of the peace, within and for Monroe township, Monroe county, Missouri.

"William T. Ragland, assistant prosecuting attorney within and for the county of Monroe in the state of Missouri, informs the justice that one William Haley, on or about the thirtieth day of March, A. D. 1891, at the said county of Monroe, did then and there unlawfully torture two domestic animals, to-wit, two black mares, the property of E. P. Nelson and D. D. Nelson, by then and there forcing said animals through mud and over miry roads with violent speed, by cruelly whipping and beating them, the said mares, when they were greatly distressed, fatigued and injured by reason of having been previously driven over a great distance of muddy roads, and with great speed, against the peace and dignity of the state.

"William T. Ragland, assistant prosecuting attorney within and for the county of Monroe, as aforesaid, further informs the justice that William Haley, on or about the thirtieth day of March, 1891, at the said county of Monroe, did then and there unlawfully and cruelly overdrive two domestic animals, to-wit, two black mares, by then (and there) driving said animals through mud and over miry roads with violent speed, by whipping and beating them, the said mares, when they were greatly distressed, fatigued and injured by reason of having been previously driven, with great speed, a long distance over muddy roads, against the peace and dignity of the state.

"WILLIAM T. RAGLAND,
"Assistant Prosecuting Attorney."

The respondent does not appear in this court, but his motion to quash the information was grounded on the reasons that the information did not charge any offense under the laws of the state; that it was not properly verified, and that there was a variance between the information and the affidavit upon which it was based. The last objection may be disposed of with the observation that, even if it were otherwise tenable, it is not supported by the record.

The information charges the offense in the words of the statute, which is sufficient where the act specifically describes or defines the offense. *State v. Walker*, 24 Mo. App. 679; *State v. Fare*, 39 Mo. App. 110. As it fully apprises the defendant of the charge he is called upon to meet, it is definite enough. *State v. Buck*, 43 Mo. App. 443, 447. As the prosecuting attorney acts upon his official oath, it was unnecessary for him to verify the information. *State v. Ransberger*, 106 Mo. 135, 145. The assistant prosecuting attorney occupied the same position in that regard. *State v. Hynes*, 39 Mo. App. 569. The charge in this informa-

tion expressly avers. the overdriving and the circumstances of cruelty attending it, which distinguishes the case from *State v. Pugh*, 15 Mo. 509. We must, therefore, conclude that the judgment. quashing the information was erroneous.

As the case must be remanded for new trial, we call the attention of the parties to *State v. Roche*, 37 Mo. App. 480, and *State v. Hackfath*, 20 Mo. App. 614, as determining the character of the proof required in substantiating this offense.

All the judges concurring, the judgment is reversed and the cause remanded.