# THE STATE OF MISSOURI, Respondent, v. JOSEPH WEEKS, Appellant.

## Kansas City Court of Appeals, April 1, 1901.

1. **Criminal Law: ASSISTANT PROSECUTING ATTORNEYS.** Under the statutes there are different classes of assistant prosecutors in this State; in all counties, the prosecuting attorney may appoint and pay an assistant, and he discharges his principal's duties in the latter's absence or inability. In counties of 75,000 inhabitants or over there may be a first and second assistant prosecutor who draws his pay from the county and prosecutes misdemeanor cases and examinations and waits on the grand jury, etc. In counties of 50,000 and less than 75,000 the prosecuting attorney with the assent of the criminal court may appoint an assistant who will be commissioned and paid by the county court, and his duties are the same as last above mentioned.

2. ———: ———: BUCHANAN COUNTY. Buchanan county, prior to the census of 1900, had more than fifty thousand and less than seventy-five thousand inhabitants, and may have an assistant prosecutor in addition to the one appointed and paid by the prosecuting attorney himself.

3. ———: ———: ———. An assistant prosecuting attorney appointed and paid by his principal has a broader field than one appointed by the court and paid by the county, since the latter has only charge of misdemeanor cases in justices' courts where he may file an information in his own name; while the former may do anything that his principal can, including the filing of information in any case.

4. ———: ———: ———: PRESUMPTION. An information filed in the criminal court of Buchanan county by an assistant prosecuting attorney will be presumed to have been filed by a proper official and that he was duly appointed by the prosecuting attorney alone under authority of section 4975, Revised Statutes 1899, in the absence of the record to the contrary.

5. ———: FISHING WITH SEINE: LAKE CONTRARY: VARI-
ANCE. An information charged the defendant with using a seine
in Lake Contrary. The evidence showed that the seine was set during
high water in an overflowed field then covered with water from the
lake. *Held,* the variance was fatal.

Appeal from Buchanan County Criminal Court.—*Hon. Benjamin J. Casteel,* Judge.

REVERSED.

*Culver & Phillip* for appellant.

(1)    The statute requires that the information shall be
signed by the prosecuting attorney. R. S. 1899, sec. 2477.
(2)    If we concede for the sake of argument that Mr. Shultz
as assistant prosecuting attorney possessed the power to make
and file an information, still that power could be exercised only
in the name of his principal. For while the law is otherwise
in Michigan and some other states, it is settled in this state
that a deputy must exercise his power in the name of his principal, otherwise his act is not an official act and is a mere nullity. Carter v. Hornback, 139 Mo. 238; Evans v. Ashley, 8 Mo.
132 star p.177; Evans v. Wilder, 7 Mo.181 star p. 359; Springer v. McSpadden, 49 Mo. 299. And this is the law in other
jurisdictions. Parker v. Kett, 1 Salk. 96; Marx v. Hawthorn,
30 Fed. Rep. 579; Perkins v. Read, 14 Ala. 536; Rowely v.
Howard, 23 Cal. 402; Auburn v. Goodwin, 128 Ill. 58; Schott
v. Youree, 142 Ill. 233; Abrams v. Ervin, 9 Ia. 37; Pillauld
v. Taylor, 113 N. Car. 1; Dennison v. Storp, 1 Ore. 273;
Wimbish v. Wylford, 33 Tex. 109; Carter v. Hornback, 139
Mo. 238; Evans v. Ashley, 8 Mo. supra; Evans v. Wilder, 7
Mo. supra; authorities supra. (3) If the information contained neither the name of the prosecuting attorney nor that of
his assistant, the defendant would be as fully informed of the

charge against him, and with equal propriety it could be urged that none of his rights were jeopardized by the omission. And yet an information filed in a court of record under section 2477, Revised Statutes 1899 (R. S. 1889, sec. 4057), is fatally defective if not signed by the prosecuting attorney, not because the defendant's rights are necessarily jeopardized, but because the statute makes the signature necessary to a valid charge. R. S. 1899, sec. 2477; State v. Bruce, 77 Mo. 193; State v. Daly, 49 Mo. App. 184, 186. (4) There are, in this State, two classes of assistant prosecuting attorneys, not including those of St. Louis. R. S. 1899, secs. 4975, 4977, 4970, 4996, 5000, 4973, 4999; State ex rel. Clark v. Gates, 67 Mo. 139; State v. Barrett, 40 Minn. loc. cit. 70; Westbrook v. Miller, 56 Mich. l. c. 150. (5) All the evidence in the case showed that the pool of water in which the defendant was seining was the result of an extraordinary rain and the overflow of Contrary creek which caused Lake Contrary to overflow its banks. We submit that this temporary pond was not "waters of the State." R. S. 1899, sec. 2314; St. Louis v. Babcock, 156 Mo. 148.

*O. E. Shultz* for respondent.

(1) Assistant prosecuting attorney O. E. Shultz, having been appointed assistant by the prosecuting attorney, is authorized and has the power to sign informations in all cases of misdemeanor. State v. Hynes, 39 Mo. App. 569; Brown's App., 69 Mo. App. 160; State v. Haley, 52 Mo. App. 520; State v. Daly, 49 Mo. App. 184. (2) It is not material whether the assistant prosecuting attorney file information in his own name or that of his principal. See cases above cited. (3) Assisting prosecuting attorneys are not deputies, and therefore the well-known rule in this State that a deputy must act in

the name of his principal, and sign all papers in his name, is not applicable to assistant prosecuting attorneys. 5 Am. and Eng. Ency. of Law, p. 623; R. S. 1899, sec. 4971, 4975, 4997. (4) Whether informations are signed by the prosecuting attorney or his assistant, is a matter of form rather than of substance, and the rights of neither the State nor of the defendant are greater or less, because the information is signed by the assistant prosecuting attorney, and not by the prosecuting attorney. See R. S. 1899, sec. 2481 and 2535. (5) It is contended by appellant that there are two classes of assistant prosecuting attorneys; one class of which an official oath is required and another of which an official oath is not required. It is further contended that Mr. Shultz belongs to the class last mentioned. The record does not show under what section of the statutes, Mr. Shultz was appointed, and as there is a discretion left with the criminal court and prosecuting attorney as to which section the assistant shall be appointed under, this court will only take judicial notice of the appointment and not of the section in pursuance of which the appointment was made, or the class to which the assistant belongs. R. S. 1899, sec. 4996, 4975, 4970; R. S. 1899, sec. 2750; R. S. 1899, secs. 4997, 4972; State ex rel. Clark v. Gates, 67 Mo. 139. (6) Lake Contrary, a large body of water in Buchanan county, and the same body of water in which defendant was seining, and for which act he was convicted in the lower court, has been declared public waters by the Supreme Court of this State. State v. Blount, 85 Mo. 543; State v. Lewis, 73 Mo. App. 619. (7) It is further contended by the appellant that if during a wet season, the increase of water in Lake Contrary extends the boundaries of the lake beyond the point which marks the boundary during a dry season, and continues to remain the same unbroken body of water, that that part which extends over what has been the former boundary, is not Lake Contrary, and

that an information which alleges such water to be Lake Contrary is defective. This we think is not the law. R. S. 1899, sec. 2534.

ELLISON, J.—The defendant was convicted for taking fish from Lake Contrary in Buchanan county by means of a seine which he had placed and maintained in the lake. The prosecution was begun by the assistant prosecuting attorney for said county and the first question presented is whether such assistant prosecutor can make out and sign, in his own name, an information for a misdemeanor.

By reference to article 2, chapter 75, Revised Statutes 1899, it will be seen that there are different classes of attorneys for the State and different classes of assistants. For the city of St. Louis it is provided that there shall be elected a *circuit* attorney and an assistant circuit attorney (section 4959). It is also provided that in the city of St. Louis there shall be elected a prosecuting attorney and an assistant prosecuting attorney for the court of criminal correction (section 4961). This assistant is specifically authorized to file an information in that court in his own name. State v. Daly, 49 Mo. App. 184. In *all* the counties of the State the prosecuting attorney may, in writing, appoint an assistant, who shall take the same oath as his principal and be paid by him. And he shall discharge the duties of his principal when the latter is sick, absent from the county, or is engaged in the duties of his office so he can not attend; or assist in any case at his principal's request (sections 4975-4977).

In counties of 75,000 or more inhabitants the prosecuting attorney may appoint an assistant and second assistant prosecuting attorney with the consent of the judge of the court having criminal jurisdiction in such county, who shall be commissioned and paid by the county court a salary between cer-

tain sums prescribed. The duties of such assistants are to attend all misdemeanor cases and preliminary examinations; to attend the grand jury and perform any other duties suggested by their principal. Their term of office expires with their principal unless sooner removed. Secs. 4970, 4974, 4991. In counties with a population of more than 50,000 and less than 75,000, the prosecuting attorney may appoint an assistant prosecuting attorney with the assent of the judge of the court having jurisdiction in criminal cases, who shall be commissioned and paid by the county court a sum not exceeding $1,000. His duties are the same as prescribed for assistants in counties of 75,000 inhabitants or more.

The statute (section 5002) provides that the population of a county may be ascertained from the last State or Federal census or, the total vote of the county for president of the United States at the last election multiplied by five. This prosecution was begun before the census of 1900 and we therefore take as the most recent basis of population the vote for president in 1896. At that election Mr. Bryan received 7,336 votes, Mr. McKinley 6,854 and all others 147, making a total of 14,337, which, multiplied by 5, makes a population according to this method, of 71,685. In consequence of this, Buchanan county has, in addition to the assistant who may be appointed by the prosecutor himself in all counties and paid by him under section 4996 aforesaid, another class provided for by section 4996 as above shown to be authorized by that section. Here are two classes of assistants which may be appointed in the same county. The source and mode of appointment and compensation and source of compensation are not the same, nor are their duties alike. The assistant appointed and paid by the prosecuting attorney himself has a broader field of duty than the one appointed with consent of the court and paid by the county. The former may, in the contingency of sickness or absence of the

principal, or when his principal is so otherwise engaged with his duties as not to be able to attend, exercise *all* the official functions of the principal. Brown's Appeal, 69 Mo. App. 160; State v. Haley, 52 Mo. App. 520; State v. Hynes, 39 Mo. App. 569. The duties of the latter class are much more restricted. They are prescribed in these words:

"It shall be the duty of such assistant prosecuting attorney to attend to all cases of misdemeanor and preliminary examinations in justices' courts throughout his county; to appear before the grand jury of his county, if requested so to do by the prosecuting attorney, for the purpose of assisting and advising said body, and examining witnesses and arranging and preserving their testimony, and to aid generally in the performance of such other duties pertaining to the office of prosecuting attorney as may be designated by such officer" (sec. 4973, R. S. 1899).

We construe this to mean that such assistant only has charge of misdemeanor cases in the justices' courts; and for a misdemeanor to be prosecuted in that court he may file an information in his own name. We do not understand the concluding clause of the section authorizing such assistant to "aid generally in the performance of such other duties" as may be designated by his principal, to enlarge his specially limited authority in the first clause.

The information in this case was given to the criminal court of Buchanan county. It could therefore only be made in the name of the assistant of the class appointed and paid by the prosecuting attorney himself. We have no means of knowing to which class the assistant who made this information belonged. It was not shown by defendant and does not appear in the record. We certainly can not take judicial notice of his appointment. We should, however, presume in favor of the judgment of the trial court that he belongs to the class which

has the power to do the act which he did and that he was appointed by the prosecuting attorney alone under authority of said section 4975.

Coming to a consideration of the merits of the case made by the State we find that the defendant is charged in the information with having used his seine in Lake Contrary. According to a familiar rule of criminal law, it becomes necessary for the State's proof to meet the particularity of the charge; that is, having affirmed that defendant seined for fish in Lake Contrary it should prove the place as a part of its case.

The evidence shows that the lake, which lies in the Missouri river bottom, is about two or two and one-half miles long east and west and about one half mile wide north and south. The government survey of 1844 gave the lake greater boundaries than it now has, that is to say it has become of less area since that time. Originally its west end extended about one fourth of a mile west of the east line of section twenty-eight, but there has been a gradual retrocession until now there is a public road on this section line running across what was formerly the narrow and west end of the lake. About three-fourths of a mile west of this road is another public road running parallel with the first. Between the two roads there are cultivated farms and have been for several years. In periods of overflow or high water, especially when a creek, known as Contrary creek, heading in the bluffs and emptying into the lake, gets out of its banks, the lake overflows and spreads out over the adjoining country and over the farms between the two wagon roads aforesaid. It was in the field of one of these farms then covered with water that defendant was shown to have seined for fish. Now while it is true that the water of the lake and the water thus spread over these fields by overflow was one body of water, yet it does not follow that the water in the fields was the water of the lake, much less does it show that the field, by reason of

the overflow, became the lake, the place in which the seine was charged to have been set.

In our opinion there was an entire failure of proof and the judgment will be reversed and defendant discharged.    All concur.