State v. Flowers.

STATE OF MISSOURI, Appellant, v. FRANK FLOWERS, Respondent.

St. Louis Court of Appeals, February 13, 1894.

Criminal Law: INFORMATION. It is not necessary to indorse the name of the prosecuting witness on an information for a misdemeanor filed before a justice of the peace; nor is the entry of the name of the prosecutor on the docket of the justice essential to the validity of the information.

*Appeal from the Texas Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

No brief filed by appellant or respondent.

BOND, J.—The respondent was arrested and fined upon an information filed with a justice of the peace of Texas county, charging a common assault. He took an appeal to the circuit court, where the information was quashed upon his motion. From the judgment of the court dismissing this cause, the state prosecutes its appeal to this court.

The motion to quash in the lower court was based on two grounds: *First.* That the justice did not enter

the name of any one as prosecuting witness upon the docket. *Second.* Because the information is not indorsed with the name of the prosecuting witness.

We do not think the motion should have been sustained on either ground.

There is no statute, of which we are aware, that requires a prosecuting attorney, or any one else, to indorse the name of a prosecuting witness on the back of an information for a misdemeanor filed before a justice. Section 4057 of the Revised Statutes of 1889 does require that an information filed by a prosecuting attorney in the circuit court, either in term or before the clerk in vacation, shall contain an indorsement of the names of the witnesses for the prosecution in like manner, and subject to the same restrictions, as required in case of indictments, but we fail to find in any of these sections of article 12, chapter 48, of the Revised Statutes of 1889, governing proceedings before justices in cases of misdemeanor, a similar requirement. Sections 4328 *et seq.* of this article prescribe the jurisdiction of justices in cases of misdemeanor, and the method of procedure, by the filing of an information by the prosecuting attorney for such offences, but they contain no provision requiring such informations to be indorsed with the names of the prosecuting witnesses. *State v. Heinze*, 45 Mo. App. 403.

As the act making such a requirement in a proceeding for the same offense in the circuit court is specific in its terms, and purports to regulate the procedure in the circuit court, and as the act regulating the proceeding by information filed in the justice's court wholly fails to embrace the requirement in question, we cannot see any method by which we could *extend* the act addressed to the procedure in the circuit court to similar cases in the justice's court without judicial legislation.

The second ground of respondent's motion was evidently based on the provisions of section 4358 of the Revised Statutes of 1889. In our judgment, respondent misconceives the purpose of this statute. It was merely designed to regulate the liability for costs in cases of unsuccessful prosecutions for misdemeanor before justices of the peace. To that end, the justice is required to enter upon his docket the name of the injured party as prosecutor, and, in the contingencies provided for in the statute, to adjudge the costs against him. Compliance with this statute is in nowise, by any fair construction, a condition precedent to a valid information, nor essential to the sufficiency of an information properly framed for a misdemeanor.

Our conclusion is, therefore, that the judgment herein should be reversed and the cause remanded. It is so ordered. All concur.