BROWNE'S APPEAL.

Kansas City Court of Appeals, February 15, 1897.

1. **Prosecuting Attorney**: ASSISTANT: INFORMATION. Under the Missouri statutes the prosecuting attorney may have an assistant, and, when he acts, he may act in the same manner and to the same extent the prosecuting attorney could act.

2. ——: ——: ——: SIGNING NAME. An information filed with the justice of the peace is a common law information and as to whether the signature of a prosecuting officer is required, *quaere*. But, where a statute empowers a deputy *eo nomine* to perform particular acts, he may lawfully act in his own name.

3. ———: ———: ———:. SIGNATURE: COSTS. When an information is improperly signed by an assistant prosecuting attorney, it is a mere formal error or irregularity and does not render it entirely nugatory; and the officers acting under it are entitled to their costs earned by such acts.

*Appeal from the Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

REVERSED AND REMANDED.

*Ballingal & Williams* and *Byron Sherry* for appellant.

(1)   The assistant prosecuting attorney appointed by the prosecuting attorney is authorized by law to discharge the duties of prosecuting attorney when the prosecuting attorney is engaged in the discharge of his duties so that he can not attend.   R. S. 1889, sec. 664, p. 244.   And he has the same authority to sign and file informations as the prosecuting attorney.   *State v. Hynes*, 39 Mo. App. 569.   And he may make and sign the information in his own name.   *State v. Fitzpatrick*, 17 Mo. App. 273; *State v. Swinney*, 25 Mo. App. 348. (2)   Section 4057 of the Revised Statutes of 1889, page 952, requiring informations to be signed by the prosecuting attorney and verified by his oath, or the oath of some other person competent to testify, does not apply to proceedings by information filed before a justice of the peace.   *State v. Flowers*, 56 Mo. App. 502; *State v. Fitzpatrick*, 17 Mo. App. 273.   Section 4329, of the Revised Statutes, of 1889, page 994, under which those prosecutions were instituted, does not require the information to be signed by the prosecuting attorney.   The question therefore in this case, resolves itself into this proposition:   Is an information, which the statute does not require to be signed by the prosecuting attorney, and which is signed by the assistant in his name, void

or good, as an information? We respectfully urge that upon reason and authority it is not void but is a good and legal information. (3) Where the statute does not require the indictment or information to be signed, the fact that it is not signed is no ground for demurrer or in arrest. *State v. Ruby,* 61 Iowa, 56; *State v. Wilmoth,* 63 Iowa, 380; Wharton, Cr. Plead. and Prac. [9 Ed.], secs. 354 and 355, and cases cited. Prior to the Revision of 1879, section 1798, requiring every indictment to be signed by the prosecuting attorney, never in this state was the prosecuting attorney required to sign an indictment. *State v. Bruce,* 77 Mo. 193. And in the absence of a statute requiring it, it is no defect that an indictment is not subscribed by the prosecuting attorney. *Thomas v. State,* 6 Mo. 457; *State v. Murphy,* 47 Mo. 274. 10 Am. and Eng. Ency. of Law, p. 505, and cases cited. (4) And even if required the signature of the proper officer may be affixed by his authorized deputy or other official representative. Wharton, Cr. Pl. and Prac. [9 Ed.], sec. 355, and cases cited. *Choen v. State,* 85 Ind. 209; *Stout v. State,* 93 Ind. 150; *Hamilton v. State,* 103 Ind. 96; s. c., 53 Am. Rep. 491; *Taylor v. State,* 113 Ind. 472; *Hammond v. State,* 3 Wash. 171; *People v. Darr,* 61 Cal. 554; *People v. Etting,* 99 Cal. 577; *People v. Turner,* 85 Cal. 432; *U. S. v. Nagel,* 17 Blatch (U. S. C. C.), 258; 22 Eng. and Am. Ency. of Law, p. 782 (note); 3 Kent. 458; 2 R. S. 1889, sec. 6570, p. 1542; *Benson v. State,* 68 Ala. 545; *Talbott's Devisees v. Hooser,* 12 Bush. (Ky.) ——; *Triplett v. Gill,* 7 J. Marsh (Ky.), 438; *Commonwealth v. Arnold,* 3 Litt. (Ky.) 316; *Winberly v. Boland,* 16 S. Rep. (Miss. 1895) 905. (5) Under the facts the prosecuting attorney adopted the act of his assistant in signing his name as his own, and the informations consequently are as valid as if signed by Brown himself.

*Scott v. Seaver*, 52 Wis. 176; *Williams v. Mitchell*, 49 Wis. 284; *Meschen v. More*, 54 Wis. 214; *Miller v. State*, 35 S. W. Rep. (Tex. Cr. App.) 391. (6) Whether informations are signed in the name of the prosecuting attorney or in the name of his assistant is a matter of form rather than that of substance and the rights of neither the state nor of the defendant are greater nor less, because one form of signing is adopted rather than the other. *Westbrook v. Miller*, 56 Mich. 148; *Springer v. McFadden*, 49 Mo. 299; *Field v. Small*, 102 Mo. 104, and cases cited; 5 Am. and Eng. Ency. of Law, p. 624, and cases cited.

*Wm. T. Jamison* and *Geo. N. Elliott* for respondent.

(1) The information of the prosecuting attorney prescribed by our state constitution is the information of the common law, and is one that is intrusted solely to the discretion of the prosecuting attorney, to be given or withheld at his will, subject only to the liability imposed by law for the willful abuse of process. 1 Wharton, Criminal Law, sec. 213; 1 Bishop, Criminal Procedure, secs. 142, 144; *State v. Ransberger*, 42 Mo. App. 466; s. c., 106 Mo. 135. "If discretion and judgment are to be exercised either as to time, manner or feasibility of the exercise of an official function, the body or officer intrusted with the duty to decide must exercise it, and can not delegate it to any other officer, body or person." 19 Am. and Eng. Ency. of Law, 461, and authorities there cited; *Sheehan v. Gleeson*, 46 Mo. 100; *Thompson v. City*, 61 Mo. 282. A criminal information must be signed by the informing officer. 10 Am. and Eng. Ency. of Law, 707, and authorities there cited. (2) It is elementary law that a power which can not be delegated to another, can not be ratified when exercised by such other. 19 Am. and

Eng. Ency. of Law, 476, and authorities there cited. (3) Statutes relating to costs must be strictly construed. *State v. Murphy*, 22 Mo. App. 476.

GILL, J.—The above named Browne, justice of the peace, and Heacock, constable, appeal from a judgment of the Jackson county criminal court disallowing certain claims for costs in some four misdemeanor cases which were begun before said justice by com-

STATEMENT. plaint and information, and which said prosecutions were dismissed by the state without trial.

The record before us discloses about this state of facts: In December, 1893, Marcy K. Brown was prosecuting attorney for Jackson county, and J. S. Brooks was an assistant, duly appointed as by statute provided. Secs. 662, 663, 664, R. S. 1889. About that time the prosecuting attorney undertook to proceed against a number of druggists, grocers, etc., for the illegal selling of intoxicating liquors without license, and the particular duties thereof were assigned to Brooks, the assistant, though the prosecuting attorney, Brown, seems, in a general way, to have directed the same, indicating the parties to be arrested, etc. The parties accused were brought in by warrants issued on the verified complaints of third persons; and then Brooks, as assistant prosecuting attorney, prepared and filed with the justice the necessary informations. In each case the information purported to be that of "Marcy K. Brown, prosecuting attorney in and for Jackson county, Missouri," and was signed "Marcy K. Brown, Prosecuting Attorney, J. S. B." The evidence clearly shows that this manner of preparing, signing, and filing said informations was known and assented to, if not in fact *directed* by Brown, the prosecuting attorney. The matter in litigation here is whether or not the justice of the peace and constable are entitled to have their costs—earned in these prosecu-

tions, instituted and conducted as above stated—certified to the county clerk and taxed against the county as the statute provides.

Judge Wofford, of the criminal court, denied their right, basing, it seems, his ruling on the last clause of section 4358, of the revised statutes, which provides, that "when the prosecution is commenced by complaint and the prosecuting attorney declines to file information based thereon, in which event the proceedings shall be dismissed at the cost of the party filing the complaint." The learned judge held that the papers prepared and filed by Brooks, the assistant prosecuting attorney, were not informations coming from the prosecuting officer and were of no effect and void; that the cases therefore were to be treated as those where the prosecuting attorney had failed or declined to file information, and the county, for that reason, not liable for the costs.

As will be seen from the foregoing, the decisive question is whether or not the papers denominated informations, and which were prepared, signed, and filed by Brooks, the assistant prosecuting attorney, should be regarded as legal or valid informations. If so, then clearly, since the cases were dismissed after these informations were filed, the costs should be paid by the county.

PROSECUTING attorney: assistant: information.

In support of Judge Wofford's ruling, it is here contended that Brooks had no authority to sign and file the informations; that this power was vested alone in Brown, the prosecuting attorney; and that in so doing, the prosecuting attorney exercised a judicial or discretionary power granted to him by law and which he could not delegate to another. This contention is more plausible than sound. It is true that where one, as an officer or agent, is intrusted with duties involving the

exercise of a judgment or discretion as to the time, manner of feasibility of performance, then such duties can not be delegated by such officer or agent to another. The reasons for this rule are manifest. The principal chooses his agent and vests him with discretionary powers, because of a knowledge of the agent's fidelity, judgment, and capacity, and it would be wrong for the agent to transfer this confidence against the will of the principal. However, the principal may, if he sees proper, repose a confidence, or the performance of a discretionary act, on either of two or any number of persons, and the doing of which by either would then be authorized and binding. This same principle applies with reference to the duties of an officer who is an agent for the public, and whose power of attorney is found in the statutes.

If, then, our statutes had intrusted the power and authority to prepare and file criminal informations to the sole judgment of the *one man* elected to the position of prosecuting attorney, then it might be well contended that no one else could perform that service. But our lawmakers have thought it proper to create another office, that of assistant prosecuting attorney, and to empower him—in the absence, sickness, or other engagement of the prosecuting attorney—to discharge these duties. R. S. 1889, sec. 664. This office of assistant prosecuting attorney was created for the very purpose of providing an officer to make and file these informations in justices' courts, when the prosecuting attorney was sick or otherwise incapacitated from attending to such matters. See the emergency clause in the act of March, 1885. Laws of 1885, p. 371. And while so doing said assistant prosecuting attorney was given full power to act, during the sickness, absence, or other employment of the prosecuting attorney, "in the same manner and to the same extent that the pros-

ecuting attorney could act." *State v. Hynes*, 39 Mo. App. 569.

As well said, too, in the case just cited, the existence of the conditions under which the assistant prosecuting attorney may act must be left to the decision of the prosecuting officer, or at least it is a question that can not be raised in such a collateral action as we have here. These conditions arising, the deputy prosecuting attorney might perform any act within the range of the duties of that office. As said in Mechem's Offices and Officers (sec. 570): "Where a public officer is authorized to appoint a deputy, the authority of that deputy, unless otherwise limited, is commensurate with that of the officer himself, and, in the absence of any showing to the contrary, it will be so presumed. Such a deputy is himself a public officer, known and recognized as such by law. Any act, therefore, which the officer himself might do, his general deputy may do also."

In our opinion then, Brooks, the assistant prosecuting attorney, had full authority to prefer and file criminal informations in the cases instituted in Justice Browne's court.

As to whether or not the assistant prosecuting attorney was technically correct in signing the name of the prosecuting attorney instead of his own to the informations is not material in this controversy. I have examined the various cases cited and others and find it doubtful as to whether or not *any* signature to the information, filed with the justice, is required. An information filed with the justice is the information at common law. *State v. Ransberger*, 42 Mo. App. 466. The requirement of section 4057, Revised Statutes, does not apply to proceedings before a justice of the peace. *State v. Flowers*, 56 Mo. App. 502.

It is stated as a general rule "that a deputy must act in the name of his principal. But where a statute empowers a deputy *eo nomine*, to perform particular acts, he *may* lawfully act in his own name." Throop on Public Officers, sec. 585. The courts of the country have, in fact, treated it as a matter of little consequence whether the deputy affix his own name or that of his principal. See authorities cited in appellant's brief.

But, as already stated, whether Brooks, the assistant, signed the information properly or improperly it ——: ——: ——: was at most a mere formal error, or irreg-

signature: costs. ularity, that should not render them entirely nugatory. They were not void, but at most only informal and might have been amended. "No case," says the statute, "shall be dismissed or discontinued by reason of any defect in the information, but the same may be amended at any time before the case is finally submitted to the justice," etc. R. S. 1889, sec. 4331. Conceding, then, the information, so filed by the assistant prosecutor, to have been informal, in that they were not properly signed, and yet they were ample to justify the issue of process, the subpoena of witnesses, etc., and other official service as these officers performed on the faith thereof.

The judgment of the criminal court will be reversed and cause remanded. All concur.