## STATE OF MISSOURI, Appellant, v. FRED JACOBS et al., Respondents.

### St. Louis Court of Appeals, February 17, 1903.

1. **Information: VERIFICATION THEREOF, SUFFICIENT: AS-SAULT AND BATTERY.** The information was verified by the prosecuting attorney as follows: "Now comes A. E. McGlashan, prosecuting attorney, and makes oath and says that the facts set forth in the foregoing information are true, according to his best knowledge, information and belief," signed, subscribed and sworn to: *Held*, that the information was properly verified.

2. ———: **ASSAULT AND BATTERY: NAME OF PROSECUTING WITNESS MUST BE INDORSED ON INFORMATION, WHEN: R. S. 1899, SEC. 2515.** Assault and battery belongs to that class of offenses described in section 2515, Revised Statutes 1899, and, hence, it was necessary that the prosecuting attorney should indorse his name on the back of the information as prosecutor, and especially so, as the oath by him to the information was not of his own personal knowledge that the offense had been committed, but was on information and belief only.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

### STATEMENT.

The appeal is by the State from the judgment of the circuit court in sustaining a motion to quash the information and discharging the defendant. No abstracts or briefs have been filed in this court by either party.

The information is as follows:

"State of Missouri, against Fred Jacobs, Wol Halbert, Robert Cook, Defendants.

"Now comes A. E. McGlashan, prosecuting attorney within and for Dent county, in the State of Missouri, and informs the court that Fred Jacobs, Wol Halbert and Robert Cook on the 29th day of March, 1901, at and in Dent county, Missouri, then and there being, did then and there make an assault upon one George Raper, by then and there in a rude, angry and threatening manner, striking at said Raper and drawing chairs and clubs upon him the said Raper and by throwing beer bottles at him the said Raper, contrary to the statute in such case made and provided, and against the peace and dignity of the State.

"A. E. McGLASHAN,
"Prosecuting Attorney.

"Now comes A. E. McGlashan, prosecuting attorney, and makes oath and says that the facts set forth in the foregoing information are true, according to his best knowledge, information and belief.

"A. E. McGLASHAN,

"Subscribed and sworn to before me this 3d day of April, 1901.          "C. R. WEBER, Clerk,
"WILL H. WELCH, Deputy."

On the back of the information are the following indorsements:

"State of Missouri, v. Wol Holbert et al.

"Assault: Filed April 3, 1901. C. R. Weber, Clerk. By Will H. Welch, Dept.

"Witnesses: J. L. Chambers, Chas. Cates, Lee McGee, Geo. Raper."

The motion to quash is as follows:

"Defendants move the court to quash the information against them in this cause because no affidavit is filed therewith on which to base the same, and the name of the prosecuting witness is not indorsed thereon by himself as required by law."

BLAND, P. J.—1. Two questions are raised by the motion to quash. ' The first is whether or not the information is properly verified, and the second is whether or not it was requisite that the information should have been indorsed by the prosecuting witness in such a manner as to make him responsible for the cost in the event the defendant should be acquitted.

Section 2477 of the Criminal Code (R. S. 1899) reads as follows:

"Informations may be filed by the prosecuting attorney as informant during term time, or with the clerk in vacation, of the court having jurisdiction of the offense specified therein. All informations shall be signed by the prosecuting attorney and be verified by his oath or some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information; the verification by the prosecuting attorney may be upon information and belief. The names of the witnesses for the prosecution must be indorsed on the information in like manner and subject to the same restrictions as required in case of indictments."

Section 2479 provides that when the affidavit is made by the prosecuting attorney it may be in the following form:

"C. M., prosecuting attorney (or E. F., as the case may be), makes oath and says that the facts stated in the foregoing information are true, according to his best information and belief. ·          C. M.

"Subscribed and sworn to before me, this — day of — —, A. D. 19—.          E. F. (style of office)."

Section 2477, supra, authorizes the prosecuting attorney to file an information in the circuit court either upon his personal knowledge of the commission of an offense or upon his information and belief that one has been committed. State v. Feagan, 70 Mo. App. (St. L.) 406. We think the information was properly verified.

2.   Section 2515, Revised Statutes 1899, reads as follows:

"No indictment for any trespass against the person or property of another, not amounting to a felony, except for petit larceny, and no indictment for the disturbance of the peace of a person, or for libel or slander, shall be preferred unless the name of a prosecutor is indorsed as such thereon, thus: 'A. B., prosecutor,' except where the same is preferred upon the information and testimony of one or more grand jurors, or of some public officer in the necessary discharge of his duty. If the defendant be acquitted or the prosecution fails, judgment shall be entered against such prosecutor for the costs."

Section 2483, Revised Statutes 1899, reads as follows:

"When the information is based on an affidavit filed with the clerk or delivered to the prosecuting attorney, as provided for in section 2478, the person who made such affidavit shall be deemed the prosecuting witness, and in all cases in which by law an indictment is required to be indorsed by a prosecutor, the person who makes the affidavit upon which the information is based, or who verifies the information, shall be deemed the prosecutor; and in case the prosecution shall fail from any cause, or the defendant shall be acquitted, such prosecuting witness or prosecutor shall be liable for the costs in the case not otherwise adjudged by the court, but the prosecuting attorney shall not be liable for costs in any case."

The offense charged (assault and battery) comes within the class mentioned in section 2515, supra. State ex rel. Smith v. Hodges, 53 Mo. App. (St. L.) 532. It was therefore essential that the prosecuting witness should indorse his name on the back of the information as prosecutor, unless the affidavit of the prosecuting attorney to the information is equivalent to and takes the place of the evidence of one or more of the grand jurors.

Even if it be conceded (which we do not) that, had

the prosecuting attorney sworn of his own knowledge that the offense had been committed, he would then have had the right to present the information without having the name of the prosecutor indorsed on the information, he did not so swear. His affidavit was on information, and belief only. This is not evidence of the commission of an offense. It seems to us that in the class of cases to which this belongs it is only where an indictment is found on the evidence of one or more of the grand jurors or where the affidavit of the prosecuting witness is used and filed by the prosecuting attorney as the foundation for the information, that the indorsement of the name of the prosecuting witness on the indictment or information can, under the statutes above quoted be dispensed with.

The judgment is affirmed. *Reyburn* and *Goode*, *JJ.*, concur.