STATE OF MISSOURI, RESPONDENT, v. RUSSELL KEMP, APPELLANT.—137 S. W. (2d) 638.

Springfield Court of Appeals.   February 15, 1940.

*John H. Keith* for appellant.

*W. R. J. Hughes* for respondent.

FULBRIGHT, J.—An information was filed April 7, 1938, with Justice Ralph Keith, of Arcadia Township, Iron County, charging defendant, Russell Kemp with torturing a dog in violation of section 4168, Revised Statutes of Missouri, 1929. Defendant took a change of

venue from the township and the cause was sent to Liberty township in said county, where he was tried and found guilty. From this conviction, an appeal was taken to the circuit court. A motion to quash the information was filed, for the reason that the name of a prosecutor was not indorsed thereon. The motion was overruled by the trial court, to which action defendant objected and excepted at the time. The cause was then tried by a jury and the defendant again found guilty and his punishment fixed at three months imprisonment in the county jail and a fine of $50, from which finding and judgment defendant duly appealed to this court.

The evidence, in substance, shows that the defendant was employed by H. S. Crossfield, who operated an ice plant in Ironton, Iron County; that on the day of the alleged crime defendant was in charge of the plant and was the only person working there on that occasion. On the afternoon of that day, defendant's wife, Milford Blanks and another negro by the name of Cooley, were present, all of whom were on an open porch connected with the building in which the plant was located.

Milford Blanks testified, among other things, that, "we were talking about canning a dog. Russell Kemp looked across the street and said, 'there is a dog' and Cooley whistled it over to the plant. Russell Kemp went around the south side of the ice plant and brought back a can with some oil in it and set it on the platform. Q. Tell us, if you know, just exactly where the dog came to. A. Directly to the ice plant. Q. Go ahead and tell the balance of it. A. He came to the ice plant and Russell Kemp got this oil can and I tied it on the dog's tail, and then I touched a match to it, and it began to burn. Q. Tell us what else you saw. A. I saw the Cooley boy tie a string to that can. Q. Who else was there, at the time? A. Myself and Russell Kemp and Kemp's wife and him."

On cross-examination the witness testified, among other things, as follows:

"Q. When you took part in this matter, your part was tying this can to the dog's tail and someone else set the gas afire? A. Yes, sir. Q. Now you say that at that time, this defendant, Russell Kemp and his wife and Cooley, were all there at that time? A. Yes, sir. Q. And you further testified that this defendant saw this dog sitting there, and that Cooley called the dog over to the ice plant? A. Yes, sir. Q. I believe you said, at that time, the defendant was talking to you on the platform at the ice plant? A. Yes, sir. Right in front of the door there. . . . Q. What did Kemp do? A. He got the can. Q. After he got the can, what did he do? A. He got the can and put it there on the platform. Q. Did Kemp suggest to you to get the can? A. I didn't say that. Q. What did you say? A. I said Kemp was there at the time, and he got the can. . . . Q. Who first said anything about getting the can tied to the dog's tail? A. Nobody said anything about getting an oil can. Q. Who first said anything about

getting any kind of a can? A. While we were there something was said about some kind of a can. Q. Who mentioned it? A. Cooley mentioned it first, I think. Q. At that time, was this defendant there on the platform? A. Yes, sir."

There was also evidence offered by the State to the effect that the defendant, Russell Kemp, and the witness, Milford Blanks, shoved the dog out of the door and there was something on its tail burning at the time. The evidence also disclosed that the dog was severely burned on the hind legs, tail and head, and that the offense occurred in Iron County.

Under the head of "Points and Authorities" defendant assigns as errors, (1) that the court erred in overruling the motion to quash the information for the reason there was no name of a prosecutor indorsed thereon. (2) That, "the court erred in giving to the jury the main instruction, in that it did not require the jury to find that the defendant had committed the offense in Arcadia Township. (3) There was no substantial evidence offered by the State to show that defendant was guilty as charged." These assignments will be considered in their order.

It will be observed that the information in the instant case was filed before a justice of the peace. In the case of State v. Flowers, 56 Mo. App. 502, the identical question with which we are confronted, was before the court. Flowers was arrested and fined upon information filed with the Justice of the Peace in Texas County, charging common assault. He took an appeal to the circuit court where the information was quashed upon his motion. The motion to quash was based on two grounds: "First, that the Justice did not enter the name of anyone as prosecuting witness upon the docket. Second, because the information was not indorsed with the name of the prosecuting witness."

The court held that the motion should not have been sustained on either ground. In the first instance, it held that the provisions of section 4358, Revised Statutes 1899 (now sec. 3444, R. S. Mo., 1929; Mo. Stat. Ann., p. 3099), was merely designed to regulate the liability for costs in cases of unsuccessful prosecution for misdemeanor, before a justice of the peace. "To that end, the justice is required to enter upon his docket the name of the injured party as prosecutor, and, in the contingencies provided for in the Statute, to adjudge the costs against him. Compliance with this Statute is in nowise, by any fair construction, a condition precedent to a valid information, nor essential to the sufficiency of an information properly framed for a misdemeanor."

In considering the second ground, the court held that there was no statute requiring a prosecuting attorney or anyone else to indorse the name of a prosecuting witness on the back of an information for a misdemeanor filed before a justice. Moreover, it was held in the case of

Browne's Appeal, 69 Mo. App. 159, l. c. 166, that the requirements of section 4057, Revised Statutes of Missouri, 1889 (now sec. 3504, R. S. Mo., 1929; Mo. Stat. Ann., p. 3126) did not apply to proceedings before a justice of the peace, and cites with approval State v. Flowers, *supra*. For the same reasons urged in the Flowers case, section 3542, Revised Statutes of Missouri, 1929, would have no application to misdemeanor cases filed in the justice court. It is our conclusion that the trial court, with equal propriety, could have overruled the motion to quash had the information been filed directly in the circuit court.

In the case of State v. Goss, 74 Mo. 593, the defendant was convicted for cruelly and maliciously maiming, beating and torturing a certain cow, the property of defendant. From this conviction an appeal was taken and the action of the court, in overruling his motion to quash the indictment because no prosecutor's name was indorsed on the indictment, was one of the assignments of error. The Supreme Court there held, that in view of the fact that the statute only requires the name of a prosecutor to be indorsed on an indictment when the indictment charges a trespass against the person or property of another and since the indictment charges that the maiming, beating and torturing was defendant's own cow, the statute had no application and the motion to quash was properly overruled. By the same reasoning, if the animal tortured was without an owner, or the property of some person unknown, the statute would not apply. Assuming therefore, that the owner of the animal tortured was known and refused to prosecute, or to permit his name to be indorsed as prosecutor, and that no other competent person would permit his name to be so used, it is our conclusion that the prosecuting attorney would not be barred from proceeding upon his own initiative. To hold otherwise would make it possible for the owner of an animal that had been tortured, to prevent a prosecution by refusing to permit his name to be indorsed on the information as prosecutor, whereby he would become liable for costs.

Section 3542, Revised Statutes of Missouri, 1929, provides,

"No indictment for any trespass against the person or property of another . . . shall be preferred unless the name of a prosecutor is indorsed as such thereon, . . . except where the same is preferred upon the information and testimony of one or more grand jurors, *or of some public officer in the necessary discharge of his duty.*" (Italics ours.)

We think it was clearly the intent of the Legislature by making the exception italicized, to permit the prosecuting attorney to proceed upon his own initiative in cases where the defendant is charged with torturing his own animal, or, when the name of the owner is unknown, or, where neither the owner nor any other person, will indorse his name as prosecutor. This conclusion is borne out by section 3510, Revised Statutes of Missouri, 1929, which reads as follows:

"'PROSECUTING WITNESS, WHO DEEMED.—When the in-

formation is based on an affidavit filed with the clerk or delivered to the prosecuting attorney, as provided for in Section 3505, the person who made such affidavit shall be deemed the prosecuting witness, and in all cases in which by law an indictment is required to be indorsed by a prosecutor, the person who makes the affidavit upon which the information is based, or who verifies the information, shall be deemed the prosecutor; and in case the prosecution shall fail from any cause, or the defendant shall be acquitted, such prosecuting witness or prosecutor shall be liable for the costs in the case not otherwise adjudged by the court, *but the prosecuting attorney shall not be liable for costs in any case.*'' (Italics ours.)

The clear inference being, that where such prosecution is instituted by the prosecuting attorney upon his own motion, the cost cannot be taxed against him. In such contingencies the prosecuting attorney, who is empowered to institute criminal prosecutions by information, is not precluded from acting by virtue of sections 3542 and 3510, *supra.* To hold that the State or prosecuting attorney cannot proceed under such circumstances, might permit the most shocking, brutal and inhuman torture of dumb animals and aggrevated cases of common assault on human beings, to go unpunished. In reaching the above conclusions we have not overlooked the case of State v. Jacobs, 100 Mo. App. 52, upon which appellant principally relies.

Assignment Number Two is without merit. When the case at bar reached the circuit court on appeal, it had the same jurisdiction and authority to try and dispose of the case, as though it had been originally brought in said court. [State v. Smith, 306 Mo. 451, l. c. 457.] Moreover, it has been specifically and definitely held by the Supreme Court of this State, that failure to prove venue is a matter of exception and since the defendant failed to preserve in his motion for a new trial the point that venue was not proven, it is not properly before us. Our Supreme Court, in a recent case—passing directly upon the question, stated, ''It may be that fifty years ago and more, when the cases cited were decided, it was considered that the question of unproven venue could be raised by general assignments denying the sufficiency. of the evidence, or complaining of the refusal of the peremptory instruction, etc., but that is not the law now, especially in view of our new statute, section 3735, which requires assignments in the motion to be set out in detail and with particularity. While we still recognize such general assignments insofar as they go to the main issue and challenge the sufficiency of proof of defendant's guilt; yet it is not true of a mere contention that venue was not proven, which is in the nature of a plea of confession and avoidance, procedurally admitting guilt, but claiming the evidence did not show in what jurisdiction the crime was committed. That the venue is not considered an essential part of the crime as shown by section 3563, Revised Statutes of Missouri, 1929, which provides that no indictment or information

832

shall be deemed invalid, nor shall the judgment be affected for want of a proper venue, or any venue at all.'' [State v. Kenyon, 343 Mo. 1168, l. c. 1184-1185.]

Appellant relies largely on the case of Cook v. Kurn, 124 S. W. (2d) 673, recently decided in this court. This case might be some authority were it not for the provisions contained in section 3563, Revised Statutes of Missouri, 1929, which provides as heretofore stated, that no indictment or information shall be deemed invalid, nor shall the judgment be affected for the want of a proper venue or any venue at all.

Lastly, appellant contends there is no substantial evidence upon which to sustain a conviction. This assignment is likewise without merit. If the evidence, as heretofore set forth, is true, there is sufficient proof to justify a conviction. It is the province of the jury to pass upon the credibility of the witnesses and the weight to be given their testimony, and if there is substantial evidence to support their finding, it cannot be disturbed.

Finding no reversible error, the judgment is affirmed. *Tatlow, P. J.,* and *Smith, J.,* concur.