Honolulu, September 16, 1886.

---

## THE KING *vs.* J. W. KUMUHOA and E. KEKOA.

EXCEPTIONS FROM CIRCUIT COURT, THIRD JUDICIAL CIRCUIT.

JULY TERM, 1886.

JUDD, C. J.; McCULLY AND PRESTON, JJ.

A motion to quash an indictment is not a proper subject of exceptions.

A motion to quash must be made before defendant has pleaded.

Inspectors of Election may appoint deputies to represent them on the Board of Inspectors, when the Inspectors themselves are actually absent from the place where the meetings of the Board are held : but not otherwise.

Inspectors of Election held guilty, under the Act of 1868, of malfeasance in the performance of their duties.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

EXCEPTIONS from the May Term, 1886, of the Third Judicial Circuit Court.

The defendants were charged in the Police Court of Hilo, from whence the case was appealed to the Circuit Court, with a violation of the laws relating to elections, in a neglect to perform certain official duties prescribed to a District Judge and a Tax Collector, which the defendants severally were, by Sections 6 and 7 of the Act of 1868, and were, on conviction, sentenced according to Section 812 of the Civil Code.

These laws are as follows :

"Section 6. The Inspectors of Elections, viz : The Police or

District Justice, the Tax Collector and the Tax Assessor, or, in their absence, agents appointed by them, shall, at least fifteen days before the day of holding any election for representatives, excepting such as may be ordered pursuant to the provisions of Section 797 of the Civil Code, make out and cause copies to be posted at the place where the election is to be held, and at least two other public places in the district, correct alphabetical lists of all the persons in the district who may be qualified to vote, and whose names may appear upon the list returned to the Inspectors of Elections by the Tax Collector of the district, as in the last preceding Section required.

"Section 7. The Inspectors of Elections aforesaid shall hold at least two sessions, of reasonable and sufficient length, at some convenient place in the district, not less than ten nor more than twenty days next preceding the day of holding an election for representatives, for the purpose of receiving evidence of the qualifications of persons who may not have been previously registered by the Assessor or Collector on the assessment register, as provided in Sections 3 and 4 of this Act, and who may claim a right to vote; and also for the purpose of correcting, when necessary, the alphabetical lists of voters provided for in Section 6 of this Act. Notice of the time and place of holding such sessions, respectively, shall be given by the Inspectors of Election upon the alphabetical lists posted, as provided in Section 6 of this Act: and at such sessions anyone offering testimony against the right of any person to vote whose name may appear in the aforesaid alphabetical lists, shall be reasonably heard; and if the Inspectors aforesaid shall be satisfied on such hearing that the name of such person should not have been placed on the register, they shall at once erase the same therefrom.

"Section 812. Any inspector of election who shall willfully neglect or refuse to perform any of the duties required of him respecting elections, shall be fined not exceeding one hundred dollars, and be disqualified from holding any office under the Government."

The first point made in the bill of exceptions is, that the Court erred in denying a motion, noted in the bill, as follows: "And upon said trial in said Circuit Court, after the jury had been

sworn in the cause, counsel for defendants moved the Court that said defendants be dismissed, and that the prosecution herein be quashed, for the reason that the Sections of the law pertaining to Elections, to wit: Sections 6 and 7 of the Act of 1868, on pages 223 and 224 of the Compiled Laws, under which the prosecution is brought, prescribe no penalty for the non-observance of the Acts therein and thereby enjoined upon the Board of Inspectors of election nor is any penalty prescribed for their non-observance."

A motion to quash, (Archbold Crim. Pr., Vol. 1, page 337,) is addressed to the sound discretion of the Court, and is not a proper subject of exception, citing *inter al.*, *Com. vs. Eastman*, 1 Cush. 189 ; *State vs. Putnam*, 38 Maine, 196 ; *U. S. vs. Stowell*, 2 Curtis, 153 ; *State vs. Stuart*, 23 Maine, 111. Says Appleton, J., in *State vs. Putnam* : "It is within the discretion of the Court in which an indictment is pending to quash it, or to leave the defendant to his motion in arrest of judgment. The refusal to quash an indictment is not a proper subject of exception. The party indicted has his remedy by motion in arrest of judgment, or by demurrer to the indictment."

We remark secondly that, as a motion to quash the charge, it was made too late.

At this stage of the proceedings the defendants must be considered to have pleaded. To appeal from the conviction of a lower Court and demand trial is equivalent to a plea of not guilty. It is a general rule of pleading that motions to quash must be made before plea, and the plea cures defects in the indictment for the purposes of the trial of the issue. Our Statute Act of 1876, Chap. XL., Section 33, found at page 347 of Compiled Laws, provides that "every objection to an indictment for any defect apparent on the 'face thereof, shall be taken by demurrer or motion to quash such indictment before the accused has pleaded, and not afterwards." The Court was therefore right in refusing, after the jury was sworn, to entertain the motion.

Exceptions are also taken to the refusal of the Court to give the following instructions, numbered 1, 2, and 4, requested by the defendant :

1. "It is the right of a District Judge, Tax Assessor or Collector, to appoint a deputy to represent him on the Board of Inspectors

of Election, in cases where the absence or other duties of the officer render it inconvenient or impracticable for him to discharge its duties." The Statute authority concerning the appointment of agents or deputies is contained in these words in Section 6 of the Act ef 1868; " The inspectors of election, viz., the police or district justice, the tax collector and the tax assessor, or, in their absence, agents appointed by them, shall," etc.

The charge of the Court is incorporated with the bill of exceptions. Upon this point it is as follows: With regard to Kekoa's right to appoint a deputy to act for him in his absence, the "absence" meant by the statute is an actual absence from the place, where the meetings of the Board are held. We regard this as a sound interpretation of the statute. Its terms are vague in not expressing grounds of excusable absence justifying the appointment of a deputy or agent, but by the plainest rules of construction he must be absent; if he is present and in attendance at the meeting of the Board, it would be a violation of the term to say that he was absent; the words "in their absence" have a meaning, but it is frustrated by the construction claimed for it by the defendant's counsel; he asks that there be imported into the statute conditions not expressed therein, namely: "Where other duties of the officer render it inconvenient or impracticable for him to discharge his duties." It is enough to say that this is not the law nor to be implied from it, and the Court could not properly instruct the jury that it was, as requested.

2. The next instruction asked is, "It was the right of the defendant Kekoa in this case to appoint a deputy if his other duties interfered with his performing the duties of such inspector;" this is covered by the ruling on the first instruction. The remainder of the instruction, that the principal officer cannot be held to be criminally liable for the acts of his deputy, was not refused to be given, the Court instructing only that there could not be considered to be a deputy where the principal was not absent. The evidence in the case is that Kekoa sat with the Board at its meetings, and assisted to make three alphabetical lists of voters' names, two of which were correct and agreed with each other; but in the third list, the one upon which the polling of votes was had, thirty-five names were omitted by Kekoa,

although the numbers of the tax receipts were given. Kekoa testifies that he did this, "trying to see which would be the smartest, Kauwila, the Opposition candidate, or himself." He only appointed his deputy on the day of the session of the Board when the lists were revised, he being present in the room, and only one meeting for revision being held.

The charges relate to a prior malfeasance, namely: In failing to hold two meetings of the Board, and in failing to post three " correct" copies of the same list.

4. Exception four is, substantially: It is not the duty of such Board to post upon or with the lists a notice of *two* meetings of the Board before the first meeting takes place.

The evidence is that no notice was given of a second meeting at any time, and none was held ; it was, therefore, irrelevant to the case to give the instruction ; giving it would have implied a state of facts which did not exist.

The exceptions are overruled.

*W. A. Kinney*, for prosecution.

*Ashford & Ashford*, for defendant.

Honolulu, July 23, 1886.