## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* MURA (Japanese).

### LARCENY.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH JUDICIAL CIRCUIT.

HEARING, MARCH 26, 1894.          DECISION, APRIL 14, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Circuit courts must entertain appeals from district courts for mitigation of sentence, notwithstanding the fact that a plea of guilty was made in the lower court.

OPINION OF THE COURT, BY BICKERTON, J.

The defendant was first charged in the District Court of Kawaihau, Island of Kauai, with larceny (in the 4th degree) by stealing a redwood board valued at $1.50, to which charge he pleaded guilty, and was sentenced by the magistrate to imprisonment at hard labor for six months and costs $3, this being the maximum penalty prescribed by the statute. The defendant appealed to the Circuit Court, of the Fifth Judicial Circuit, and the matter came on at the March Term, 1894, of said Court. The Deputy Attorney-General made the following motion: "And now comes the Attorney-General by his deputy G. K. Wilder, and moves that the appeal in the above entitled case be dismissed for that (1) defendant having pleaded guilty in the district court to the charge of larceny no appeal lies from the judgment of said court, the sentence being legal, it being an appeal without a jury.

" (2). The notice of appeal as required by law has not been filed." The Court granted the motion and dismissed the appeal, and the defendant took exceptions, and the matter now comes here on a bill of exceptions duly allowed by the presiding Judge at the said term.        The first question is, has the defendant a right to appeal for mitigation of sentence, after he has pleaded guilty in the lower court.        It has always been, and is now, allowed in our courts; numerous cases might be cited as to this. . In fact, we are not aware of any case in our courts where this right of appeal has been questioned before.        The plea of guilty admits the facts charged, consequently there is no issue of fact for the jury to pass upon; it becomes a question for the appellate court to decide from the circumstances of the case as presented to it whether the sentence was excessive.        It would be a great hardship for a defendant where an excessive sentence had been imposed, through the prejudice or bias, perhaps temper of a magistrate, to be deprived of any appeal and have to submit to an unjust punishment.        The sentence may be legal, and yet unjust and inconsistent.        In a case of this nature there could be no appeal to this Court on points of law, for the facts were admitted by the plea of guilty, and the sentence was within the law as regards the term of imprisonment imposed.        Sec. 68, Chap. 57, Laws of 1892, regulates how appeals shall be taken, and reads—" Appeals shall be allowed from all decisions of district magistrates in all matters, whether civil or criminal, to the circuit court of the same circuit, whenever the party appealing shall file notice of his appeal and shall pay costs."        *        *        *        There is nothing in the law as to appeals not being allowed where a plea of guilty has been made or in mitigation of sentence ; the law is silent as to any exceptions in such cases ; the language is clear that *appeals shall be allowed in all matters* to the circuit court.        The law directs these appeals to the circuit court, and it must consequently be intended that that court shall entertain and hear such appeals when it appears that all the requirements of the statute have been complied

with in regard to the perfecting of the appeal.    This right of appeal is recognized in several cases in our own reports, viz. :

The King vs. Abigail Maikai, 6 Haw., p. 145.

The King vs. Yok Lau, 7 Haw., p. 584.

The Queen vs. Fernandez, 8 Haw., p. 273.

This right is not only recognized in our own courts, but it is also recognized in United States and English courts.    In the case of The People vs. Richmond, 57 Mich., p. 403, we find it recognized ; also in the case of the Queen vs. The Justices of Surrey and Bell, Law Rep. Queen's Bench Division, Vol. 2, p. 719.    In that case an appeal was taken against a summary conviction, and the only ground stated in the notice of appeal was that the punishment inflicted was excessive, and the appellate court entertained the appeal.

A plea of guilty is always considered by the court in imposing the penalty ; in the case at bar, the court does not seem to have considered this, but sentenced the defendant to the highest penalty allowed by the law, viz., six months imprisonment at hard labor.    The value of the property stolen was only alleged to be $1.50 ; under these circumstances it appears to us that the punishment was excessive. This is just one of those cases that illustrates how very unjust it would be to deprive a defendant of appealing for mitigation of sentence.

The next question is as to "the notice of appeal as required by law has not been filed."    It is required by law that a written notice of appeal shall be filed by the party appealing; Sec. 68, Chap. 57, Laws 1892.    It is claimed by the prosecution that this was not done according to law, as the notice is signed by the magistrate and not by the defendant.    We find on the back of the certificate of appeal, a printed form of the notice of appeal, which is filled out in the handwriting of the magistrate and signed by him on the line where the defendant should have signed : but on the same paper near this signature we find some Japanese characters, which on investigation we find to be the name of the defendant, presumably written by himself.    Under the circumstances we

should hold that, that of itself would be sufficient to comply with the requirements of the law; but we go further. Why should the magistrate have filled out the printed form of notice of appeal if he had not been requested to do so by the defendant? It does not appear from the record that this Japanese had any attorney or understood the English or Hawaiian languages. To do this for him, if, as it is fair to presume the magistrate did at the request of the defendant, he only did what was right, and he acted as the agent of the defendant, notwithstanding the fact that he signed his own name in the place where defendant should have signed. We are of the opinion that under such circumstances, a defendant appellant should not be deprived of his right of appeal through the carelessness or ignorance of the magistrate.

The case is remanded to the Circuit Court of the Fifth Judicial Circuit, to entertain the appeal.

*Deputy Attorney-General, G. K. Wilder,* for prosecution.

*J. L. Kaulukou,* for defendant.