*A. Rosa,* for plaintiff.

*W. R. Castle,* for defendant.

---

## REPUBLIC OF HAWAII *v.* AH CHEON.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED OCTOBER 5, 1896.    DECIDED OCTOBER 27, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

In a criminal prosecution, the charge, being substantially in the language of the statute, sufficiently sets forth the offense.

An appeal from the District Court from a conviction and sentence upon a plea of guilty, presents no issue before the appellate court. Such appeal presents the question of mitigation of sentence. The defendant cannot, on such appeal, as of right have a trial *de novo.*

*The Queen v. Fernandez,* 8 Haw. 273 and *The Gov't v. Mura,* 9 Haw. 428, affirmed.

OPINION OF THE COURT BY WHITING, J.

The defendant was charged in the Hawaiian language, with embezzlement before the District Magistrate of Lihue, Kauai, and pleaded guilty, and was sentenced to eight months imprisonment.

Defendant appealed to the Fifth Circuit Court, in which Court, the case being on the calendar, the defendant sought to have his plea of guilty withdrawn and be allowed to plead anew and have a trial on the merits; defendant also claimed that he ought as a matter of right to have a trial *de novo;* de-

fendant also claimed that no offense was charged upon which judgment could be entered and sentence passed.

The defendant made several motions which were overruled, and exceptions taken and allowed, as set forth in his bill of exceptions.

*1st Exception.* The decision, order and judgment of the Circuit Court, in refusing to quash the charge and conviction, and release the defendant, was erroneous and contrary to law, in that, the conviction was void; the offense of embezzlement not being charged in the District Court, the defendant could not be convicted even though pleading guilty because he plead guilty to no offense or crime in law, and the sentence was absolutely void.

The defendant submits that the plea of guilty confesses only what is properly charged; and if the charge is so defective that it sets forth no criminal offense, then no conviction can follow, and the judgment is void, and no sentence could legally be passed thereon.

The charge is claimed as defective, in that a mere conversion of goods is set out and no statutory offense; that neither larceny nor embezzlement is charged; that it sets forth merely that defendant stole the goods and converted them to his own use; that no felonious or fraudulent intent is alleged, and these words "feloniously" and "fraudulently" are necessary to make the offense embezzlement; that without these words there is merely a conversion for which a civil action only lies; that there is no statement in the charge that defendant did feloniously embezzle the goods or that he feloniously stole them.

It is unnecessary to cite authorities to the effect that a plea of guilty only confesses an offense which is properly and sufficiently charged;—and if no offense be charged, then no conviction can be had or sentence passed, for the law is well established.

It is therefore necessary to ascertain whether the defendant was duly charged with the offense of embezzlement.

The charge was made in, and all pleas, the trial, and proceed-

ings were in the Hawaiian language, of which the defendant was conversant, but he was ignorant of the English language.

The charge is as follows:—

"No kona hewa he aihue i ka waiwai i haawi ia nana e malama, oia hoi na waiwai o Ah Chuck (p) he mau lole ahinahina, kukaenalo, lopi, a me na pihi lole nona ka waiwai io he umi kumamaiwa 50-100 dala. Ua waiho ia keia mau waiwai ma ka lima o ka mea hoopiiia e hana a paa alaila hoihoi mai i ka mea nona ka waiwai mamuli o ka hooponopono ana ma ka la 10 o Feberuari M. H. 1896, ma Kapaia, Apana o Lihue, Mokupuni o Kauai. Aka ua lawe ka mea hoopiiia i kela mau waiwai nona ponoi iho aole i hoihoi aku i ka mea nona ka waiwai. Kue i ke Kanawai Mokuna 18, Pauku 3 o ke Kanawai Hoopai Karaima."

This is with the necessary explanatory words, in the identical language of the Hawaiian Statute Penal Code, Chapter 18, Section 1, which is as follows:

"NO KA AIHUE I KA WAIWAI I HAAWIIA MAI E MALAMAIA.

Ina i haawiia kekahi waiwai i kekahi kanaka nana e malama, a hoomalu paha, me ka ae o ka mea nana ua waiwai nei, a hoolilo ae oia i kela waiwai nona iho, a no hai paha, aole no ka mea nona ka waiwai, ua hewa oia no kona lawe wale ana i ka waiwai i haawiia nana e malama."

Sec. 1, Chap. 18, Penal Code, defines embezzlement and Sec. 3 fixes the penalty.

The first few words of the charge are important, viz:—"No kona hewa"—that he (the defendant) is guilty—"he aihue i ka waiwai i haawiia nana e malama," of embezzlement; the latter clause, "he aihue," &c., is the Hawaiian version of the criminal offense embezzlement, and are used at the head of the Chapter (18 Penal Code) as the title, "Embezzlement."

The English version is as follows: Penal Code, English Chapter 18, "Embezzlement."

Section 1. "If any person, who is entrusted with, or has the possession, control, custody or keeping of a thing of value

of another, by the consent or authority, direct or indirect, of such other, without the consent and against the will of the owner, fraudulently converts or disposes of the same, or attempts so to convert or dispose of the same, to his own use and benefit, or to the use and benefit of another than the owner or person entitled thereto, he is guilty of the embezzlement of such thing."

In the Hawaiian version there is no definite word as the equivalent of the English word "fraudulent" in the place where it is used; but the Hawaiian version however fully expresses the offense of embezzlement; the defendant, in the translation of the charge furnished to him, simply defines or translates the word "aihue" as "steal," but this is not correct; it has a fuller and broader meaning when used in the Hawaiian version of the penal statutes; it includes all the necessary elements of larceny where "feloniously" or "fraudulently" may be used in the English.

"He aihue i ka waiwai i haawiia nana e malama" used in connection with the remainder of the charge means the feloniously stealing and fraudulent conversion; and clearly sets forth the statutory offense of embezzlement in the Hawaiian language.

The word "aihue" is repeatedly used with its full significance in similar statutes.

> Penal Code, Chapter 15, Robbery.
> Penal Code, Chapter 20, Receiving stolen goods.
> Penal Code, Chapter 16, Larceny.
> Penal Code, Chapter 14, Burglary and house-breaking.

We are of the opinion that the charge sufficiently sets forth the offense of embezzlement in accordance with the Hawaiian version. There is no irreconcilable difference between the English and Hawaiian versions which can avail the defendant; the Hawaiian statute is not a translation word for word of the English, but is a version, an interpretation and fully expresses in Hawaiian the meaning and intent set forth in the English version.

There are no common law offenses known to our law, all are

statutory, and a charge of an offense made substantially in accordance with the language of the penal statute is good and sufficient.

Exception overruled.

*2d Exception.* The defendant had and has the right of appeal and the right to have his case tried *de novo,* and the Circuit Court has no right or power to dismiss the said appeal without hearing the case for the prosecution and defense *de novo.*

*3rd Exception.* The defendant was and is entitled to be tried by a jury and to have his case on appeal fully heard and determined by the Circuit Court. The right of appeal is a right that exists by law, established by judicial precedent and by statute, and the defendant cannot be deprived of it except by statute.

These two exceptions are overruled. They were settled as the law of this country by the cases of

> *The Queen v. Fernandez,* 8 Haw. 273.
> *The Government v. Mura,* 9 Haw. 428;

where the Court held, that, where sentence is pronounced on the defendant's plea of guilty to a charge within the summary jurisdiction of the police and district courts, and an appeal is taken, the issue of guilty or not guilty is not before the appellate court. In fact the issue in a criminal case is made by defendant's plea of not guilty, and when the plea is guilty, there is no issue before the Court, unless the question of mitigation of sentence be called an issue.

The defendant as of right, cannot have a trial *de novo* in the Circuit Court, nor have his plea of guilty stricken from the record, nor can it be withdrawn in the Circuit Court and the plea of not guilty entered.

The defendant further moved to be allowed to withdraw his plea and plead not guilty on the ground that he did not understand the charge in the district court which was given in the Hawaiian language, the defendant being a Chinese, and other matters set forth in his affidavit, to wit:—the sub-

stance of defendant's affidavit shows that defendant is a Chinese; ignorant of the English language; was not represented by counsel; did not understand the charge; did not plead guilty to embezzlement, but only to owing a debt of $19.50 to prosecuting witness; that complaining witness acted as interpreter; that he has good defense on the merits.

The prosecution filed contra affidavits of S. R. Hapuku, the District Magistrate of Lihue; of S. K. Kaeo and J. H. Kaiwi, lawyers who knew defendant for many years; and the prosecuting witness Ah Chuck.   These affidavits specifically contradict that of defendant and show that all proceedings including the charge and plea were in the Hawaiian language, that defendant was well acquainted and versed in that language and spoke it fluently; that the prosecuting witness in no way acted as interpreter and that defendant declared to the magistrate that he understood the charges as made, and plead guilty in Hawaiian fully understanding what he was charged with.

The record of the District Magistrate also shows the charge and all proceedings to have been in the Hawaiian language.

The unsupported affidavit and the facts alleged therein of the defendant cannot prevail in face of the other affidavits and record.   It certainly was within the sound discretion of the Circuit Judge to refuse the motion to quash, and refuse to allow withdrawal of plea of guilty by defendant.   Exception overruled.

*Fourth Exception.* The Circuit Court had no power to dismiss the appeal unheard.

We are of opinion that the Circuit Court has power to dismiss appeals in proper cases, as where the appeal is not properly perfected, and also in cases where appellant refuses to prosecute his appeal.   Where a plea of guilty and judgment thereon is entered in the District Court in criminal cases within its jurisdiction, and an appeal taken therefrom to the Circuit Court, it is an appeal in mitigation, and the Circuit Judge should cause the case to be called and the defendant to appear before him, and in such case hear and determine the grounds that may be

presented in mitigation. In case the defendant does not appear nor prosecute his appeal, the appeal can be dismissed.

The defendant has a right to appeal for mitigation of sentence to the Circuit Court after he has pleaded guilty in the lower court. The plea of guilty admits the facts charged, consequently there is no issue of fact for the jury to pass upon; it becomes a question for the appellate court to decide from the circumstances of the case as presented to it whether the sentence was excessive. *The Government v. Mura,* 9 Haw. 428.

So far as the record before us shows, the Circuit Court overruled the motion of defendant—ordered the case stricken from the calendar and the appeal dismissed.

Explanations were orally given by the Attorney-General and counsel for the defendant which place the case in such a light to us that we feel justified, in this particular case, not, however, making it in any way a precedent, in remanding the case to the Circuit Court to reinstate the case on its calendar and to hear the grounds of defendant for a mitigation of sentence, and do so order.

*Attorney-General W. O. Smith* and *Deputy Attorney-General E. P. Dole,* for prosecution.

*G. A. Davis,* for defendant.