STATE OF MISSOURI, Respondent, v. HANEY, Appellant.

St. Louis Court of Appeals, March 17, 1908.

1. CRIMES: Usury: Information: Sufficiency of Allegations. An information charging a defendant with a violation of section 2358, Revised Statutes 1899, in taking interest for the use of money at a greater rate than two per cent a month, is sufficient if it follows the language of the statute; the particulars of the offense need not be stated with more definiteness and certainty in the information than they are stated in the statute creating the offense.

2. ———: ———: Intent. The criminality of the act in violat-ing the usury statute does not depend upon the intent with which the usurious interest is received, but upon the fact that it is received, and hence the intent is not an element of the offense.

3. ———: ———: **Charging Usurious Interest for Extension of Time.** The taking of usurious interest at any time after a loan is made in consideration of an extension of time is a violation of the statute making a usurious charge in excess of two per cent a month a misdemeanor.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln,* Judge.

AFFIRMED.

*A. H. Wear* and *M. C. Smith* for appellant.

(1) The information in this cause is indefinite, vague and uncertain as to the charge against defendant, in this that it fails to allege any usurious intent on part of defendant. It fails to state that any agreement was made by defendant and O. A. Springfield, whereby any loan of money was made to O. A. Springfield, by defendant, or any one else, and if there was a contract between the parties it fails to state the terms of the agreement. State v. Gabriel, 88 Mo. 642; State v. Thieraup, 167 Mo. 429; State v. Runzi, 105 Mo. App. 330. (2) It is of the essence of an usurious transaction that there should have been an unlawful and corrupt intent on part of the defendant to violate the penal law, and this intent should be alleged in the information. Webb on Usury (Ed. 1899), p. 572, sec. 491, and cases therein cited.

*W. R. Self,* Prosecuting Attorney, and *Alfred Page* for respondent.

The information is sufficient. It is drawn under section 2358, Revised Statutes 1899. The information charges in the language of the statute that the defendant, T. A. Henry, did unlawfully take and receive for

the forbearance and use of money, interest at a greater rate than two per cent per month, and then particularizes and individuates the offense by naming the amount of money taken per month, the person from whom it was taken, and states that the sum of two dollars was charged as interest for the forbearance and use of fifteen dollars.    This, under the decisions of the court of this State, is sufficient where all the facts which constitute the offense are set forth in the statute.  State v. Kentner, 178 Mo. 487; State v. Ford, 70 Mo. 467; State v. West, 157 Mo. 309; State v. Hall, 164 Mo. 528; State v. Thierauf, 167 Mo. 442; State v. Dewitt, 152 Mo. 84.

BLAND, P. J.—The appeal is from a conviction for violation of section 2358, Revised Statutes 1899, which reads as follows:

"Every person or persons, company, corporation or firm, and every agent of any person, persons, company, corporation or firm, who shall take or receive, or agree to take or receive, directly or indirectly, by means of commissions or brokerage charges, or otherwise, for the forbearance or use of money or other commodities, any interest at a rate greater than two per cent per month, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail for a period of not less than thirty days nor more than ninety days. Nothing herein contained shall be construed as authorizing a higher rate of interest than is now provided by law."

The information is as follows (omitting caption and signatures) :

"Roscoe C. Patterson, prosecuting attorney, within and for the county of Greene, in the State of Missouri, under his oath of office informs the court that T. A.

Haney, on the first day of November, A. D. 1905, at the said county of Greene and State of Missouri, did then and there unlawfully take and receive, for the forbearance and use of money, interest at a greater rate than two per cent per month; that is to say, that he, the said T. A. Haney, did then and there unlawfully take and receive of and from one ·O. A. Springfield the sum of two dollars per month as interest for the forbearance and use of fifteen dollars, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

Defendant moved to quash the information for the following reasons:

"1. Because the information is vague, indefinite and uncertain, and does not sufficiently notify this defendant of the charge sought to be made against him.

"2. That the charge does not state the means whereby the defendant is alleged to have taken or received the alleged usurious money.

"3. That defendant is not advised of the offense he is called upon to defend against."

Substantially the same grounds were assigned in defendant's motion for arrest of judgment. The information followed the language of the statute; it advised defendant of the nature of the offense charged. The State was not required to set out its evidence in the information, or state the particulars of the offense with more definiteness and certainty than does the statute creating the same, since the statute sets out all the facts constituting the offense. [State v. Kentner, 178 Mo. l. c. 493, 77 S. W. 522.] The State's evidence shows that O. A. Springfield, on November 1, 1905, made and delivered to defendant his promissory note for $17, due in thirty days, and secured the same by a chattel mortgage on some furniture. Mr. Springfield testified that at the time the loan was made he, by agreement, paid defendant $2 as commission for making the loan and,

in pursuance of an understanding with defendant and on his demand, he thereafter paid defendant $2 in each of the months of December, January and February following, for the use of $15 defendant actually loaned him. After these payments were made defendant sold the note to one Adams. None of the payments were indorsed on the note, nor were they receipted for. Defendant testified that Springfield did not pay him $2 as commission at the time he borrowed the money, and that the $2 paid in each of the months of December, January and February were received as payments on the principal of the note and he so informed Adams when he sold him the note. Adams corroborated this statement and testified that he only demanded $11 of Springfield as due on the note but that Springfield claimed he had paid $8. In rebuttal Springfield testified Adams demanded $17, or the face of the note, and said he knew nothing about the payments having been made.

The court gave the following instructions for plaintiff, to which defendant objected and excepted:

"9. Gentlemen of the jury, you are instructed that if you believe and find from the evidence that the defendant, T. A. Haney, on the first day of November, 1905, or at any time within one year next before the filing of the information in this case, to-wit: the ninth day of March, 1906, at the county of Greene, and State of Missouri, did then and there take or receive directly, or indirectly from O. A. Springfield two dollars per month as interest for the forbearance or use of fifteen dollars, then you will find the defendant guilty as charged in the information and assess his punishment at fine of not less than one hundred, nor more than five hundred dollars, and by imprisonment in the county jail for a term of not less than thirty days, nor more than ninety days.

"10. Even though you may find and believe from the evidence in this case that the note signed by O. A. Springfield and given to the defendant T. A. Haney, on

its face bears interest at the rate of eight per cent per annum, yet if you believe from the evidence that the defendant actually took, or received two dollars per month as interest for the use or forbearance of fifteen dollars from O. A. Springfield, within the time and at the place mentioned in the first instruction you will find the defendant guilty as charged in the information."

The court refused to give the following instructions asked by defendant, to which ruling defendant saved exceptions:

"2. The court instructs the jury that if the payments made by Springfield and wife or by Springfield or wife were received and treated by the defendant as partial payments on said note then they should find the defendant not guilty.

"3. The court instructs the jury that if they believe from the evidence that Springfield, the prosecuting witness, treated the different payments, made to the defendant as partial payments in reduction of the amount of the note and so acted in regard to the said note then you will find the defendant not guilty.

"4. The court instructs the jury that if they believe from the evidence that Springfield borrowed from the defendant the full sum of seventeen dollars at the time Springfield claims and testified that he got the money from defendant and that he did not return any of the money at that time then you should find the defendant not guilty.

"6. The court instructs the jury that they should not consider the fact that the payments made at different times were not indorsed upon the note as any evidence of the guilt of this defendant.

"7. The court instructs the jury that they are the sole judges of the credibility of the witnesses and of the weight to be given to any or all of the witnesses testifying before them and that in determining the weight to be given any witness they may take into con-

sideration his interest, if any, his feeling, bias or preju-
dice, if any appear or be shown, any statement made out
of court inconsistent with statements made in court,
his manner upon the witness stand, and if they believe
any witness has wilfully sworn falsely to any material
fact they are at liberty to disregard the whole or any
part of such witness's testimony.

"8. The court instructs the jury that to constitute
usury in this case, there must have been an agreement
entered into at the time the loan was made between O.
A. Springfield and T. A. Haney, whereby said Spring-
field agreed to pay, and Haney to receive, a greater rate
of interest than two per cent per month on the sum bor-
rowed. And if you should find from the evidence that
no such an agreement was entered into by said parties
at the time said loan was made to Springfield by Haney,
then you will find the defendant not guilty."

Defendant's contention is that to constitute the of-
fense charged there must have been an unlawful and
corrupt intent on his part in receiving usurious interest
and that this element of the offense was ignored in both
the information and instructions.

In Block v. State, 14 Ind. 425, it was held that a
"corrupt or usurious intent" is requisite to constitute
the offense of usury and an indictment failing to so
charge should be quashed. The Indiana statute (if
there was one) creating the offense was not cited or
alluded to in the opinion of the court. Our statute,
regardless of the motive or intent of the defendant,
makes it an offense to take, or agree to take, for the
use of money any interest at a rate greater than two
per cent per month. The criminality of the act does not
depend upon the intent with which the usurious interest
is received but upon the fact that it is received, hence
defendant's intent in charging and receiving the usuri-
ous interest constituted no part of the offense and is not
an element of the offense. [State of Missouri v. Collum,

44 Mo. 343; State v. Hackfath, 20 Mo. App. 614.] There-
fore, instructions Nos. 9 and 10 given for plaintiff were
not erroneous.    Instructions Nos. 2 and 3 asked by de-
fendant and refused by the court were, in substance, a
repetition of No. 11, given by the court, which reads as
follows:

"The court instructs the jury that if they believe
from the evidence that Springfield and his wife made
partial payments on the note and that the same were re-
ceived by defendant as payments upon the note then
they should find defendant not guilty."

Defendant's fourth refused instruction is erroneous
for the reason that the taking of usurious interest at
any time after the money was loaned, in consideration
of an extension of time of payment would be a violation
of the statute.    Refused instruction No. 6 was erroneous
for the reason it would have withdrawn from the consid-
eration of the jury important evidence tending to show
that the money paid was not paid on the principal of
the note.    Instruction No. 7 is fully covered by an in-
struction given on the part of the State.    Refused in-
struction No. 8 is erroneous in that it ignored the pay-
ments of usurious interest alleged to have been made in
December, January and February.

No reversible error appearing the judgment is af-
firmed.    All concur.