## TERRITORY *v.* WILLIAM L. PETERSON.

### No. 941.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED AUGUST 7, 1916.                    DECIDED AUGUST 17, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CRIMINAL LAW—*usury.*

    The offense prohibited by Sec. 3444 R. L. is committed by

Opinion of the Court.

receiving interest in excess of the rate of two per cent. per month, and not by entering into a contract whereby the defendant is to receive interest at a rate greater than two per cent. per month.

INSTRUCTIONS—*eliminating questions of fact.*

An instruction in a prosecution for receiving usury, which makes the guilt of the defendant to depend upon the value of a note and securities taken by the defendant to secure the loan, and which eliminates from the consideration of the jury the question of fact as to whether or not the defendant actually received interest at a rate greater than that permissible under the statute, constitutes reversible error.

CRIMINAL LAW—*principal—accessory before the fact.*

Under Sec. 3674 R. L., and Sec. 3807B, added to the Revised Laws by Act 215 S. L. 1915, one who aids in the commission of an offense or is an accessory before the fact may be charged and punished as a principal and in the same manner and to the same effect.

EVIDENCE—*prosecution for receiving usury.*

In a prosecution for receiving interest at a rate greater than two per cent. per month, where a note, bill of sale and an order were given to secure the loan, it is proper to admit in evidence such written instruments, and other pertinent evidence, for the purpose of showing the transaction between the parties.

SAME—*same—application of payment.*

It is proper to admit evidence of payments to the defendant and the application of such payments when the defendant is tried upon the charge of receiving interest at a rate greater than two per cent. per month.

CRIMINAL LAW—*usury—securities for loan.*

When money is loaned at a rate of interest greater than two per cent. per month the offense punishable under Sec. 3444 R. L. is not committed merely by taking securities for the loan; the acceptance of security for the loan is not the receiving of interest, discount or consideration upon the loan within the meaning of the statute.

OPINION OF THE COURT BY QUARLES, J.

The defendant was prosecuted in the circuit court of the first circuit upon an information wherein he was charged as follows:

"That on or about towit the 4th day of September, A. D. 1915, in the City and County of Honolulu, Territory of Hawaii, William L. Peterson did commit the offense of usury, in that he, the said William L. Peterson, did receive from one Isaac D. Iaea interest, discount and consideration, at a rate greater than two (2%) per cent. per month upon a sum of money, towit the sum of ninety dollars ($90) theretofore loaned, and advanced by him, the said William L. Peterson to the said Isaac D. Iaea, contrary to section 3444, Revised Laws of Hawaii, 1915."

To the said complaint the defendant filled a motion to quash upon the following grounds: "(1) That it is not alleged in said complaint at what time said loan was made by defendant. (2) That neither the rate of interest nor the aggregate amount of the interest which defendant is charged as having received is alleged in said complaint. (3) That there is no allegation in said complaint that the defendant received interest greater than two per cent. per month in pursuance of any agreement made with any person. (4) That said complaint sets forth conclusions only and does not set forth facts sufficient to constitute any offense under the laws of said Territory." The said motion to quash was denied, to which the defendant excepted. Thereupon the defendant was called to plead and entered a plea of not guilty. The cause was tried before a jury and the defendant convicted and adjudged guilty. The defendant moved for a new trial upon a number of grounds, not necessary to be set forth, the principal grounds being involved in the consideration of his exceptions. The cause comes before us on exceptions, fifty-two in number.

The evidence shows that one Isaac D. Iaea, a police officer, went to the defendant to borrow $100; that defendant told him that he would get the money and to come back later; that later defendant let Iaea have $90, took his note, due three months after date, for $130 payable to E. Markle, took from said Iaea a bill of sale of a certain automobile in

the name of E. Markle, and had said Iaea sign an order on the city and county auditor for warrants of $10 each, one payable each pay day—semimonthly—amounting in the aggregate to $60, the order being given to the defendant and the said warrants to issue to him. Warrants were issued against the salary of said Iaea as police officer to the extent of $60 to E. Markle who held a power of attorney from defendant. No further payment was made upon the loan. Iaea testified that the agreement was that the bill of sale was security for the payment of the note, which, after deducting the $60 payable by warrants against his salary, was to be paid from earnings of the automobile. Markle testified that he furnished the money and that it was agreed between himself and defendant that they would divide the interest between themselves. This is denied by the defendant. Markle testified that of the $10 withheld by the defendant out of the loan, the defendant gave him $5, claiming it to be interest on the loan. Defendant denied this statement. Markle testified that out of the money received for the warrants he paid the defendant $9, part of the interest on the loan. This statement is also denied by the defendant. No payments were endorsed on the note and there is no evidence in the record showing how the $60 collected on the salary warrants was applied other than the inference from Markle's statement that he gave $9 to defendant as part of the interest on the loan.

We do not deem it necessary to consider the exceptions seriatim, and we will only discuss some of them specially, treating the questions raised by the other exceptions in a general way. The important exception is to the charge of the court to the jury. In its charge the court, *inter alia,* instructed the jury as follows:

"Now, gentlemen, I think you are to be congratulated upon one thing, which is this: That there is no substantial discrepancy in the evidence upon those certain features

which the court will instruct you are the main, ruling and controlling features of the transaction now under investigation. It has been explained to you or declared to you by one of the attorneys, the attorney for the prosecution, in these words,—and I adopt his words to this extent,—if you believe the evidence of Iaea, the defendant is guilty and should be convicted. If you believe the evidence of Markle, the defendant is guilty and should be convicted. If you believe the defendant's own testimony, he is guilty and should be convicted. The discrepancies are with reference to side issues. The main issues are these: First, did the defendant make an advance of money; did he hand, pass over, transmit money to the extent of $90., to Iaea, by way of a loan? If he did, then did he, either directly or indirectly, receive from Iaea interest, discount or consideration at a rate greater than two per centum per month?

"Now, to begin with, I instruct you that it makes no difference in the world whose money it was that the defendant advanced to Iaea, if you believe his own testimony, as well as those of the other witnesses, that he did advance it; and I use this word 'advance' to mean pay over, transmit from hand to hand. He may have been acting as an agent or broker for Markle, but whether he was or not makes no difference with regard to his own liability and his own guilt if, by his actions and in connection with that transaction, he transgressed the law. You can readily see, gentlemen, that it would be intolerable to hold that one person can send another person to commit a legal offense and that the person who is sent to do it and does it, shall not be punished, simply because he is acting as the agent or the servant of another person. Now, the second element is, the receipt of something by the defendant,—some interest, discount or consideration, to an extent exceeding two per cent a month. The evidence of all three of those witnesses is that the defendant, then and there and as a part of the transaction, received three certain documents, one of them Exhibit 'A' in this case, being what purports, on its face, to be an absolute bill of sale, with covenants of warranty of title by Iaea to Markle of a certain automobile therein described, and that automobile has been testified by Iaea to have been, at that time, worth between—according

to my recollection—between six hundred and seven hundred dollars, or perhaps it was between $700 and $800. Now, if you believe that the defendant received this document, Exhibit 'A', as a part of that transaction, as the consideration or a part of the consideration for the advance or payment or transmission to Iaea of the sum of $90., and if you further believe that the automobile referred to in this document, Exhibit 'A', was then and there worth more than $90., plus three months interest on $90. at the rate of 2 per cent per month, which, according to my mental computation, would be $5.40,—in other words, if you believe that, at the time of taking and receiving this document, Exhibit 'A', from Iaea, the automobile in question was worth more than $95.40, then I instruct you that that of itself would be the receipt of a consideration by the defendant, for the loan in question, at a rate exceeding two per cent per month, and would subject him to conviction, and if you believe that, he should be convicted.

"Again, it is in evidence, on the part of all three of those witnesses whom I have named, the defendant among them, that at the time mentioned and as a part of that transaction, the defendant took and received from Iaea this promissory note, Exhibit 'B', it calling for the payment, three months after date, to E. Markle or order, of the sum of $130 together with interest at one per cent per month. If you believe, gentlemen, that that document was at the time worth more than $95.40, then that of itself would sustain the charge and it would be your duty to find him guilty, but more particularly if you believe that that document, taken in conjunction with the so-called bill of sale, which has sometimes, upon this trial, been referred to as a security for the payment of this note,—if you believe that the two together were worth more than $95.40, then you should find the defendant guilty.

"At the same time it is in evidence and admitted by the defendant that he took and received from Iaea this document, Exhibit 'C', which has been referred to as the order upon the auditor, for the delivery of warrants, some six warrants upon different dates, six different dates, for the payment of $10 each, in the ultimate and aggregate sum of $60. If you believe that these three documents, taken to-

gether, were at the time worth more than $95.40, it is your duty to convict the defendant."

The theory of the trial court that taking the note, the order for the warrants and the bill of sale as security, if either or all of said instruments were of the value of more than $95.40, constituted the offense charged, is erroneous. Section 3444 of the Revised Laws is as follows:

"Any person who directly or indirectly receives any interest, discount or consideration for or upon the loan or forbearance to enforce the payment of money, goods or things in action, greater than two per centum per month, shall be guilty of usury, and punishable by imprisonment for a term not exceeding one year, or a fine not exceeding two hundred and fifty dollars or both."

Under statutes similar to the one for a violation of which the defendant is prosecuted it is generally held that the offense is committed by actually receiving usurious interest, and not by merely entering into an usurious contract (*Henry* v. *Bank of Salina,* 5 Hill (N. Y.) 523; 29 Am. & Eng. Ency. of Law (2d ed.) 559, 596; *Gillespie* v. *State,* 6 Humph. (25 Tenn.) 164; *Murphy* v. *State,* 3 Head (40 Tenn.) 248; *State* v. *Haney,* 130 Mo. App. 95). The gist of the offense is the receiving of the usurious interest. The offense may be committed although the principal of the loan is not paid (*State* v. *Davis,* 73 S. E. 130), and may be committed at the time of making the loan or at any time thereafter. It is the act of receiving the usury, not the intent to violate the law, that constitutes the offense. The intent is not an element of the offense (*State* v. *Haney,* 130 Mo. App. 95).

In that portion of the charge quoted above the jury were told that if they believed the evidence of the prosecuting witness Iaea they should convict the defendant; and if they believed the evidence of Markle they should convict the defendant; and if they believed the evidence of the defendant they should convict him, provided

they believed the note, bill of sale and order, or any of them, were of the value of more than $95.40. This was tantamount to an instruction to convict the defendant and evidently based on the theory that the note, being negotiable and secured by the order for the warrants and bill of sale, if of the value of more than the amount of the loan plus interest for the three months at two per cent., constituted the offense. As we have shown, this is not the law, hence the motion for a new trial should have been granted in the court below; and, not having been granted, the verdict and judgment thereon must be set aside and a new trial ordered.

One of the grounds of the motion for a new trial was that the court erred in denying defendant's motion to quash the information. The motion to quash has been held not a proper subject of exception, the remedy being by demurrer or motion in arrest of judgment (*The King* v. *Kumuhoa*, 5 Haw. 621). Irrespective of the rule announced we think that the information substantially followed the language of the statute and would be good against a demurrer if the motion to quash could be treated as a demurrer (*Republic* v. *Ah Cheong*, 10 Haw. 469). The date of the loan being immaterial, the offense consisting in receiving the usurious interest, it was not necessary to state the date of the loan in the information. The information alleged that defendant received usurious interest at a rate greater than two per cent. per month. The failure to state the exact rate of interest was not ground for demurrer. A motion for a bill of particulars or a motion to make the information more specific may have been proper, but it is not necessary to decide this point. The information having charged that the defendant received usurious interest at a rate greater than two per cent. per month "upon a sum of money, towit the sum of ninety dollars ($90) theretofore loaned, and advanced by him, the said William L. Peterson to the said

Isaac D. Iaea," following the language of the statute, was sufficient without alleging in the information or charge that the usurious interest was received pursuant to an agreement. Again we suggest that the information or charge might have been made more specific. The allegation in the information that defendant received interest from said Iaea at a rate greater than two per cent. per month was not a conclusion but the statement of a fact and not ground for demurrer or motion to quash. Act 215 S. L. 1915, adding section 3791E to the Revised Laws, is as follows:

"No indictment or bill of particulars is invalid or insufficient for the reason merely that it alleges indirectly and by inference instead of directly any matters, facts or circumstances connected with or constituting the offense, provided that the nature and cause of the accusation can be understood by a person of common understanding."

The defendant has excepted to numerous actions of the trial court, as improper and prejudicial to the defendant but we do not consider it necessary to examine them in detail. It is the duty of a trial judge to demean himself in the way that the law intends—to act as a fair and impartial arbiter between the parties—taking sides with neither, and abstaining from remarks and actions that will tend to impress the jury with the idea that he is anxious to see one or the other side succeed. Juries are wont to bring in the verdict that the judge seemingly desires that they should find, hence nothing should be done which indicates the verdict that the court thinks or desires should be found by the jury, and this is especially true in a criminal case.

Some of the exceptions are to the refusal of the trial court to instruct the jury that they must believe from the evidence that the defendant made the loan as principal and that they cannot convict him if they believe under the evidence that he was the agent of the lender of the money and only acted as agent in the transactions involved. There was no error in that regard. Under the provisions of section

3674, R. L., and section 3807B, R. L., adopted in Act 215, S. L. 1915, if the defendant aided in the commission of the offense or was an accessory before the fact he is punished as a principal in the *same manner and to the same effect* as a principal.

It was proper to admit in evidence the note, bill of sale and order for warrants, all of them having been identified and their execution and delivery proven, and all other facts showing fully the transactions between the parties. It was proper to admit evidence proving the retention of the $10 by the defendant for the same purpose. It was proper to admit evidence showing the collection of the warrants, and evidence showing their application is also proper. It is well established that a debtor, when he makes a payment, may direct how the payment shall be applied, failing which the creditor may make the application; and if neither makes an application of a payment or payments made the law will make the application so as to benefit and not injure the debtor. The defendant being under the protection of the presumption of innocence, the law will not, in a case of this kind, apply a payment to the satisfaction of usurious interest, and will, if no application is made by either party, apply the payment to the principal. The application of the money received from the orders was material and important. If any of it was received as usurious interest, either by the defendant Peterson or by Markle, whom he was aiding and assisting in the matter, the offense was committed, and was complete. These are questions of fact to be determined by the jury under proper instructions. The question of the defendant's guilt, so far as every material fact is concerned, must be determined by the jury (*People* v. *Young*, 138 N. Y. S. 50).

The disputed fact as to whether the $10 retained out of the sum advanced to the defendant by Markle to lend to Iaea was applied by defendant and Markle to interest on

the loan, or applied by defendant in payment of his services as a broker in the matter, was a question of fact which should have been left to the jury for their determination under proper instruction. If the $10 was retained as interest, directly or indirectly, and applied as such on the loan in question, it was the receiving of interest in excess of two per cent. per month for the time of the loan and would be sufficient evidence upon which to base a verdict of guilty; but if retained by defendant with the consent of Iaea, as a fee for services, and not interest, its retention would not constitute the offense charged. These are questions which should have been decided by the jury. By its charge the trial court, in effect, took from the consideration of the jury every question except that of the value of the note, order for warrants and bill of sale, singly and in the aggregate, and instructed them to find the defendant guilty if they found the value of the said note, order and bill of sale, singly or in the aggregate, to exceed $95.40. This was error.

Other exceptions raise questions which will probably not arise on another trial, hence we do not consider them.

The exceptions are sustained and the case remanded to the circuit court with instructions to set aside the verdict and judgment and grant the defendant a new trial and for further proceedings consistent with the views herein expressed.

*W. T. Carden,* Second Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, with him on the brief) for the Territory.

*C. F. Peterson* (*J. A. Magoon* with him on the brief) for defendant.